[No. 13923. Department One. June 18, 1917.]

DEL CARY SMITH, *Administrator et al., Appellants,* v. ANNA BARBER *et al., Respondents.*[1]

SPECIFIC PERFORMANCE—PLAINTIFF'S PERFORMANCE—DEFAULT. Specific performance of a contract to convey land cannot be enforced where the contract called for the payment of $143.50 and interest to the state "on the contract" and the sum was due to the state and had not been paid; and it is immaterial whether the defendant was entitled to rescind, since plaintiff must recover on the strength of his own title, and cannot do so while in default.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered October 19, 1915, upon findings in favor of the defendants, in an action for specific performance, tried to the court. Affirmed.

*Tolman & King,* for appellants.

*E. J. Farley,* for respondents.

MORRIS, J.—Appeal from a decree denying specific performance of a contract for the purchase of real estate. Prior to October, 1910, Owen H. Barber and Anna Barber were husband and wife. On the 3d day of August, 1907, they entered into a contract with the state of Washington for the purchase of certain real estate in the city of Spokane. The purchase price was fixed at $300, of which $30 was paid at the time of the execution of the contract, and the remainder was to be paid in nine annual installments on March 1, with interest on all sums then unpaid. By a decree of divorce in October, 1910, this property was set aside to

[1] Reported in 165 Pac. 873.

Anna Barber as her separate property. In November, 1910, Owen H. Barber and Anna Barber entered into the contract which forms the basis of this action, and which is as follows, so far as material:

"It is hereby agreed, by and between Anna Barber, divorced wife of O. H. Barber, the party of the first part, and O. H. Barber, the party of the second part, that the said party of the first part will sell to the said party of the second part, his heirs and assigns; and the said party of the second part will purchase of said party of the first part, her heirs, executors, or administrators, the following described lot, tract or parcel of land situated in Spokane county, state of Washington, to-wit:

"An undivided half interest in lot 12, block 31, subdivision of school section 16, township 25, range 43, E. W. M., with the appurtenances thereto belonging, on the following terms:

"(1)   The purchase price of said land to be $1,000 of which the sum of $1,000·has this day been paid as earnest money, the receipt of which is hereby acknowledged by the said party of the first part, and the further sum of $143.50, to be paid the state of Washington, on a contract now outstanding with interest thereon from date until paid at the rate of six per cent per annum.

"(2)   Said land to be conveyed by good and sufficient deed to the said party of the second part, when said purchase price shall have been fully paid.

"(3)   Time is the essence of this contract.

"(4)   If the said party of the second part fails to pay the whole sum of said purchase price and interest, within the time above specified, then the said party of the first part may if she so elect rescind this contract, and in that case all payments made by said party of the second part shall be forfeited."

Owen H. Barber died the following April, and the appellants are his administrator and heirs. On July 18, 1913, nothing having been paid upon the contract by Owen H. Barber, Anna Barber served upon his administrator a notice of forfeiture, appellants being given until the 29th day of July to comply with the contract and make the payments therein designated; and on December 24, 1913, the contract

still being uncomplied with, a second notice of forfeiture was served in which the contract was declared rescinded and forfeited. On December 7, 1914, the administrator tendered to respondent the sum of $180 as payment of the amount due under the contract, which tender was refused, and the same, with interest, was repeated at the trial and the amount deposited with the clerk of the court. The lower court found that plaintiffs had failed to show any right to recover and that the action should be dismissed.

Appellants' first contention is that, under his contract, Owen H. Barber was privileged to pay the sum of $143.50 to the state at any time within the term of the contract, and that a payment as late as March 1, 1916, the day of the final payment, would be a compliance with his contract with Anna Barber. The contract calls for a payment of $143.50 to be paid the state of Washington by Owen H. Barber "on the contract now outstanding, with interest thereon from date until paid at the rate of six per cent." The phrase "on the contract" means according to the terms of that contract. There was due the state at that time, according to the terms of the contract, a sum in excess of $143.50. There was neither allegation nor proof that, prior to instituting this action, Owen H. Barber or his representatives had made a payment of any sum to the state, or had attempted in any way to comply with the terms of the contract. The second amended complaint, upon which the action was tried, alleges that, subsequent to the death of Owen H. Barber in April, 1911, Anna Barber paid the state the amount due upon the contract of purchase with the state; that appellants have demanded of her a statement of the amount so paid, which demand has been refused, and that they were informed by Anna Barber that she would reject and refuse to accept any tender that might be made. The proof goes no further.

Certainly this is not sufficient to support an action for specific performance. Appellants say little in their brief concerning their right of recovery, but say much concerning

respondent's right to a forfeiture. Whether or not respondent was entitled to rescind and forfeit the contract is immaterial. Appellants must recover, if at all, upon the strength of their own case and not upon the weakness of the defense. Their right to a specific performance of the contract between Owen H. Barber and Anna Barber depends upon strict compliance with that contract on the part of Owen H. Barber. This they failed to prove. Nor did they offer any justification or waiver of their failure in this respect. A party cannot enforce specific performance of a contract while in default of its terms. *Kiefer v. Carter Contracting & Hauling Co.*, 59 Wash. 108, 109 Pac. 332. Under the terms of the contract between the Barbers, it contemplated a future, not a present sale, conferring neither right nor title upon the vendee until by compliance with its terms he had himself performed. The term of the contract necessary to be complied with in order for Owen H. Barber to have the right of performance was the payment of $143.50 to the state of Washington. No proof of such compliance having been offered, no conveyance under the contract could be enforced. *Younkman v. Hillman*, 53 Wash. 661, 102 Pac. 773; *Tieton Hotel Co. v. Manheim*, 75 Wash. 641, 135 Pac. 658. The record is susceptible to no other judgment than that appealed from. It is affirmed.

ELLIS, C. J., CHADWICK, MAIN, and WEBSTER, JJ., concur.