[No. 26486. Department Two. March 23, 1937.]

MARGARET BARRETT, *Appellant*, v. HUGH BARTLETT *et al.*, *Respondents.*[1]

*W. A. Beakley*, for appellant.

*Marion Garland*, for respondents.

BEALS, J.—Defendants, being the owners of a lot in Port Orchard, by contract dated February 24, 1936, agreed to sell the same to plaintiff for $2,200, the contract acknowledging the receipt of seven hundred dollars, and plaintiff agreeing to pay the balance in monthly installments of twenty dollars each, commencing March 24, 1936, interest on the unpaid balances at the rate of six per cent per annum also to be paid monthly. The purchaser (plaintiff) resided in Montana, and immediately upon the execution of the contract, listed the property for sale or exchange with an agent residing in Port Orchard. The monthly installments due under the contract were payable at a Port Orchard bank, and the installments which fell

[1]Reported in 65 P. (2d) 1279.

due during the months of March, April and May following the execution of the contract were unpaid, the purchaser making no explanation of her failure to make the payments called for by the contract.

Under date June 4, 1936, defendants Bartlett mailed to Mrs. Barrett, at her Montana address, as given to them, a notice requiring her to make all payments then due under the contract within ten days from the date of the notice, and informing her that the "contract will be declared forfeited without further notice to you" unless the payments were so made. This notice was sent by registered mail, and was received by Mrs. Barrett June 12, 1936. The purchaser taking no steps to place the contract in good standing, and failing to communicate with her vendors, the latter took possession of the property June 24th, and have ever since exercised dominion over the same.

On or about July 19, 1936, Mrs. Barrett, through her agent, tendered to Mr. and Mrs. Bartlett the sum due upon the contract according to its terms, which tender was refused. July 30th following, Mrs. Barrett instituted this action, praying that the defendants (her vendors) be permanently enjoined from taking possession of the property, and from in any manner interfering with plaintiff's control thereof. In effect, the action was one to prevent a forfeiture of the contract, to require defendants to accept the past due payments thereon, and to declare the contract in good standing by judicial decree.

The action was tried to the court, and resulted in the entry of findings of fact and conclusions of law in defendants' favor, followed by a judgment quieting defendants' title to the property as against plaintiff, and denying plaintiff any relief. From this judgment, plaintiff has appealed.

Appellant relies upon the contract of sale, and of

course admits knowledge of the fact that the contract called for monthly payments, commencing March 24, 1936, and that she failed to pay the first three installments which fell due. Evidence introduced on appellant's behalf indicates that she expected that the real estate agent in Port Orchard with whom she had listed the property for sale or exchange would effect a transfer thereof within one month from the date of the contract, and that the installments of the purchase price would in this manner be taken care of. It does not appear, however, that appellant ever made the least effort to find out whether or not any such deal had been made, and as none was in fact consummated, the contract promptly became in default.

■ Appellant complains of the fact that she did not receive the notice sent her by respondents, above referred to, until June 12th, only two days before the expiration of the ten-day period of grace fixed therein. Appellant, however, did nothing about the notice when she did receive it, and for over a month took no steps to protect her rights. Meanwhile, respondents had taken possession of the property.

By the terms of the contract, time was made of the essence thereof, the contract also providing that,

" . . . in case of the failure of the vendee to make the payments at the time specified, all payments made hereunder shall be forfeited to the vendors, as and for liquidated damages and this agreement shall be null and void at the option of the vendors, and he shall have the right to reenter and take possession of said land and premises, and every part thereof, without suit."

No period of grace is provided for by the contract, nor is any notice of forfeiture or intended forfeiture called for.

Appellant did not appear at the trial, and the record fails to disclose any substantial reason for her neglect

and, indeed, apparent abandonment of her contract. We find nothing in the record which indicates any estoppel operating against respondents which might prevent them from declaring a forfeiture, nor does it appear that they in any way acquiesced in appellant's failure to make the payments as they became due. Respondents simply allowed the matter to rest for over three months without taking any steps to declare a forfeiture.

In the case of *Benham v. Columbia Canal Co.*, 74 Wash. 110, 132 Pac. 884, this court said:

"Where time is made the essence of a contract, equity will not decree specific performance at the suit of a vendee who is in default in making payments, there being nothing in the acts or the conduct of the vendor that amounts to acquiescence in the delay."

The later cases of *Smith v. Barber*, 97 Wash. 18, 165 Pac. 873, and *Cowley v. Foster*, 143 Wash. 302, 255 Pac. 129, are to the same effect. In the latter case, we quoted with approval from the case of *Benedict v. Lynch*, 1 Johns. Ch. 370, 7 Am. Dec. 484, as follows:

"It may, then, be laid down as an acknowledged rule in courts of equity . . . that where the party who applies for a specific performance has omitted to execute his part of the contract by the time appointed for that purpose, without being able to assign any sufficient justification or excuse for his delay; and when there is nothing in the acts or conduct of the other party that amounts to an acquiescence in that delay, the court will not compel a specific performance. The rule appears to be founded in the soundest principles of policy and justice. Its tendency is to uphold good faith and punctuality in dealing."

Notices of forfeiture substantially similar to that here given were held effective in the cases of *Sleeper v. Bragdon*, 45 Wash. 562, 88 Pac. 1036; *Kiefer v. Carter Contracting etc. Co.*, 59 Wash. 108, 109 Pac.

332; and *Drumheller v. Bird,* 170 Wash. 14, 15 P. (2d) 260.

Respondents, in their answer, pleaded affirmatively their forfeiture of the contract, and asked that this forfeiture be confirmed by decree. Under the evidence, the court correctly found the facts, and properly concluded that appellant's interest in the property had been terminated. The judgment in respondents' favor properly followed, and, finding no error in the record, the judgment is affirmed.

STEINERT, C. J., TOLMAN, HOLCOMB, and ROBINSON, JJ., concur.