[No. 31459. Department Two. October 25, 1950.]

MARVIN J. KNOBLAUCH *et al.*, *Respondents*, v. GRACE SANSTROM *et al.*, *Appellants.*[1]

[1]Reported in 223 P. (2d) 462.

*J. Peter P. Healy*, for appellants.

*Bigelow & Manier*, for respondents.

MALLERY, J.—This appeal involves a residence located in the city of Olympia. The defendant Sanstrom, hereinafter referred to as though she were the sole defendant in this case, purchased the property in 1945 and sold it on contract to one Kolton in the same year. These transactions were handled by a realtor, who, in addition to functioning as a real-estate agent for the purpose of the sale of the property, rendered the defendant some services as a general agent by way of collecting the payments on the contract. While Kolton was purchasing the property, defendant obtained a loan secured by a mortgage on it. The contract payments were then sent by the agent directly to the mortgagee bank, it being defendant's intention that the mortgage would be paid in this manner.

On December 17, 1945, the realtor sold Kolton's real-estate contract interest in the property to one Williams. The defendant was not concerned in this transaction. Instead of the original contract of sale being assigned to Williams, the realtor submitted to the defendant a new contract running directly from her to Williams, which she executed. She did not know Williams and received nothing for permitting this substitution of purchasers.

This procedure was repeated on August 16, 1946, when the plaintiffs purchased Williams' contract. The realtor, as agent for Williams in making this sale of his contract, repre-

sented to the plaintiffs that the sewer was connected directly to the city sewer, when, in fact, it was connected only to a neighbor's sewer. Again, defendant was not present, had no interest in the transaction, and was unaware of it until a new contract was sent to her for execution as before.

Sometime prior to April, 1948, the plaintiffs found it necessary to disconnect their sewer from that of their neighbor and connect it directly to the city sewer at a cost of $402.43. In the meantime, the plaintiffs being in default of their monthly payments for January, February, March and April, 1947, the defendant had been obliged to make the payments due on the mortgage out of her separate funds.

In July, 1949, the defendant was informed by the realtor that the taxes on the property were unpaid for the preceding three years, so she paid them and under the terms of the contract had a right to add them to the purchase price. Defendant was also informed that there was a balance, after deduction of contract payments due, of two hundred dollars owing on the sewer repairs, it being the realtor's assumption that she was liable for the cost thereof.

On August 19, 1949, the defendant, through her attorneys, notified the plaintiffs that their contract would be forfeited if the default in payments was not cured within five days. The plaintiffs thereupon brought this action, seeking recovery of $402.43, the cost of the new sewer connection, and to quiet their right of possession under their contract. The defendant counterclaimed, praying for a forfeiture of the contract.

A trial to the court resulted in a judgment for the plaintiffs on the questions of forfeiture of the contract and their claim for $402.43 expended for construction of the sewer.

Defendant appeals, making ten assignments of error. Appellant's first, second and eighth assignments are directed to the finding of the trial court that the realtor was appellant's agent, and that his representation as to the sewer was binding on her.

This action, aside from asking damages, is, in effect, one for specific performance, and is before this court as

a trial *de novo.* We are therefore required to examine the evidence and the circumstances and from such examination determine whether or not the result reached was correct. *Wingard v. Pierce County,* 23 Wn. (2d) 296, 160 P. (2d) 1009; *Widman v. Maurer,* 19 Wn. (2d) 28, 141 P. (2d) 135. The question is whether a proper decree was rendered, and the reasoning of the trial court is not controlling. *Rohlinger v. Coletta Land & Orchard Co.,* 64 Wash. 348, 116 Pac. 1095.

We are of the opinion that the evidence does not sustain the holding of the trial court that the realtor was the agent of appellant when respondents became the purchasers. Respondents knew they were purchasing Williams' equity even though a contract was obtained direct from the appellant, who was unaware of the negotiations until the contract was forwarded for her signature. The sale was, in effect, between Williams and respondents, and the realtor was representing Williams for the purposes of that transaction. Any recourse that respondents may have for misrepresentation by the seller of the contract must be against Williams, if authorized by him, otherwise against the realtor.

This point was not discussed in the briefs of either party. The contentions, as to this phase, were over whether or not there had been a waiver of the sewer defect by the respondents. We do not reach the question of waiver in view of our finding that appellant could not have been bound by the statements of the realtor, because he was not her agent in the transaction with respondents. Accordingly, this portion of the judgment must be reversed. See *Davis v. Sanderlin,* 119 N. C. 84, 25 S. E. 815.

The remaining seven assignments are grounded upon appellant's contention that the notice of forfeiture of August 19, 1949, was a good and sufficient notice.

It is the well-established rule in this state, where time is made the essence of a contract of sale, that the vendor may declare a forfeiture for the nonpayment of any installment. *Dill v. Zielke,* 26 Wn. (2d) 246, 173 P. (2d) 977; *Barrett v. Bartlett,* 189 Wash. 482, 65 P. (2d) 1279.

However, the vendor, by his conduct, may waive strict performance by not giving notice of forfeiture when payments are in default, by accepting later payments, or by granting other indulgences. *Franklin v. Gilbert Ice Cream Co.*, 191 Wash. 269, 71 P. (2d) 52; *Wadham v. McVicar*, 115 Wash. 503, 197 Pac. 616.

Not only did appellant acquiesce in respondents' failure to make timely payments during January, February, March and April of 1947 by the acceptance of later payments, but she also paid all of the taxes for the three years during the existence of the contract. Under the facts stated, appellant was obligated to notify the defaulting purchaser of her intention to declare a forfeiture and allow a reasonable time in which to bring the contract up to date. We do not feel, in view of the amount involved and the existence of a *bona fide* dispute as to the rights of the parties, that five days was a reasonable time.

Accordingly, the judgment is affirmed, with a modification to the extent of striking therefrom the provision allowing respondents credit upon the contract to the amount of $402.43 for the sewer repairs. The thirty days for bringing the payments due under the contract up to date which is allowed by the judgment, will date from the going down of the remittitur herein. Neither party will be allowed costs on this appeal.

BEALS, ROBINSON, GRADY, and HAMLEY, JJ., concur.