[No. 35677.   Department One.   May 4, 1961.]

PEARL McGILL, *Respondent,* v. JOHN W. SHUGARTS
*et al., Appellants.*\*

*Parr & Baker,* for appellants.

*Pebbles & Swanson,* for respondent.

ROSELLINI, J.—This is an action to quiet title to certain unimproved land situated in Thurston county, Washington, and to recover damages for trespass thereon. The action was brought by J. E. McGill who died after judgment was entered; and his widow has been substituted as plaintiff and respondent.

The land in question was formerly the property of John W. Mayes and his wife, Lydia Mayes. Their estates not having been probated after their deaths, the land was consequently held by their heirs as tenants in common.

In 1936, Maude Hamilton, one of the heirs, and her husband executed a quit claim deed to the property to L. E. Palm and wife, who thereupon gave to J. E. McGill and wife a warranty deed purporting to convey the land in

*Reported in 361 P. (2d) 645.

its entirety. The first of these deeds was recorded in 1938 and the second in 1936. From 1936 to the time of this action, the land had been carried upon the tax rolls of Thurston county as the property of the McGills, and all of the taxes have been paid by the McGills or by persons claiming under them.

According to the evidence introduced during the trial of the case, the McGills erected fences and a goat shed on the property and used it for grazing purposes for a number of years after they received the deed. Sometime after 1940, its use as a grazing area was discontinued, and the land remained vacant and unused thereafter except as a source of firewood. None of the heirs of John W. Mayes and Lydia Mayes made any claim to the land or attempted to occupy or to use the land from 1936 to 1955, when the heirs executed quit claim deeds to the appellants. When the appellants entered upon the land and cut and removed timber, J. E. McGill brought this action.

The court found that the McGills had acquired title to the fee by adverse possession and gave judgment in their favor. On appeal, it is urged that the evidence and the findings were not sufficient to support this judgment.

It is true, as the appellants point out, that the Hamiltons and the Palms could convey by deed no greater interest than they owned, which was a one-quarter interest in the fee, and it is also the law that one cotenant cannot do anything with respect to the common property binding upon his cotenants unless they have authorized or ratified his act. *Tungsten Products, Inc. v. Kimmel*, 5 Wn. (2d) 572, 105 P. (2d) 822. Furthermore, as we said in *McKnight v. Basilides*, 19 Wn. (2d) 391, 143 P. (2d) 307, it is the general rule that the entry of a cotenant on the common property, even if he takes the rents, cultivates the land, or cuts the wood and timber without accounting or paying for any share of it, will not ordinarily be considered as adverse to his cotenants and an ouster of them. Rather, such acts will be construed in support of the common title. Mere exclusive possession accompanied by no act that can amount to an ouster of the other cotenant, or give notice

to him that such possession is adverse, will not be held to amount to a disseizin of such cotenant.

█  If the McGills had used this land in the manner in which they did without color of title to the fee, these principles would be controlling. But they used it under the authority of a warranty deed, purporting to convey the land in its entirety, and it is not contended that the deed was taken in bad faith.

RCW 7.28.070 provides:

"Every person in actual, open and notorious possession of lands or tenements under claim and color of title, made in good faith, and who shall for seven successive years continue in possession, and shall also during said time pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title. . . ."

RCW 7.28.080 provides:

"Every person having color of title made in good faith to vacant and unoccupied land, who shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land to the extent and according to the purport of his or her paper title. . . ."

The benefit of each section is extended to persons holding under the taxpayer.

Discussing these statutes in the early case of *Philadelphia Mtg. & Trust Co. v. Palmer*, 32 Wash. 455, 73 Pac. 501, this court said:

". . . Clearly the intent of the legislature was to confer the legal title to land upon a person who had claim and color of title thereto made in good faith, and who paid the taxes assessed thereon for seven consecutive years, whether such person was in or out of possession; provided, of course, that the land remained vacant while such person was out of possession, and no one else having a better paper title paid taxes thereon. . . ."

It is undisputed that the McGills paid all taxes legally assessed against the land in question for twenty years before bringing this action and that the land was vacant during that

period, except for the use which they made of it. It is immaterial, therefore, whether the McGills were ever in open and notorious possession of the land, since in any event they paid the taxes for seven successive years while it was vacant. Under the statute, they thereby acquired title according to the purport of their deed, which in this case is the fee. This being the case, the heirs of John W. and Lydia Mayes had, in 1955, no interest to convey to the appellants, and the entry of the latter upon the land, and their cutting of the timber constituted a trespass, for which damages were properly awarded the respondent.

The judgment is affirmed.

HILL, WEAVER, OTT, and HUNTER, JJ., concur.