[No. 38440.   Department Two.   June 30, 1966.]

C. ROBERT SUESS et al., Appellants, v. ROBERT H. HEALE et al., Respondents.*

Edmund J. Jones, for appellants.

*Reported in 416 P.2d 458.

BARNETT, J.†—Plaintiffs appeal from a default judgment entered in their favor by which they were denied attorney's fees.

Plaintiffs Robert and Helen Suess and Glen and Fay Scott, as sellers, and defendant Robert Heale, as purchaser, entered into a real-estate contract for the sale of certain property located in King County, upon which is located an apartment house. It recited a purchase price of $45,000; $4,000 down, the balance to be paid at the rate of at least $340 per month.

The following provisions of the contract are pertinent:

> Time is of the essence of this contract. In case the purchaser shall fail to make any payment of the said purchase price promptly at the time the same shall fall due as hereinbefore specified, or promptly to perform any covenant or agreement aforesaid, the seller may elect to declare forfeiture and cancellation of this contract and upon such election being made all rights of the purchaser hereunder shall cease and determine and any payments theretofore made hereunder by the purchaser shall be retained by the seller in liquidation of all damages sustained by reason of such failure. . . . Or the seller may elect to bring action, or actions, on any intermediate overdue installment, or on any payment, or payments, made by the seller and repayable by the purchaser . . . .
>
> In any suit or action to enforce any covenant of this contract or to collect any installment payment or any charge arising therefrom, the purchaser agrees to pay a reasonable sum as attorney's fees and all costs and expenses in connection with such suit, and also the reasonable cost of searching records, which sums shall be included in any judgment or decree entered in such suit.

Subsequent to entering into this contract, defendant married. Though his wife is named codefendant in this litigation, Robert Heale is discussed in this opinion as if he were the sole defendant.

Defendant, through tenants took possession under the terms of the contract. Thereafter he failed to pay certain

---

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

monthly installments and taxes, which failure constituted a breach of his contractual obligations. Following these defaults, plaintiffs served notice upon defendant, requesting him to make the delinquent payments within a specified time. By this notice defendant was informed that, in the event the payments were not timely made, the plaintiffs "will elect to declare a forfeiture of and cancel the said contract." Despite the notice, defendant failed to satisfy his contractual obligations. Thereafter, plaintiffs served defendant with a notice forfeiting out his rights under the terms of the contract.

Defendant refused plaintiffs' request of a quitclaim reconveyance, and remained in possession through his tenants. This suit was brought to quiet title to the property, and to restore plaintiffs to possession. Defendant made no appearance, and was adjudged in default. Among the trial court's findings was one that "a reasonable attorney's fee for the forfeiture of real estate contract by judicial action, allowed to pass by default, is the sum of $1,240.64." Judgment was entered for plaintiffs, quieting title in them, and restoring them to possession. However, the trial court refused to include in its judgment an award for reasonable attorney's fees. The only issue on appeal is whether the trial court erred in refusing to grant plaintiffs their attorney's fees.

The record does not reveal the basis of the court's refusal to allow attorney's fees. However, counsel for plaintiffs stated in his brief, and also in oral argument, that:

> It is the apparent theory of the trial court that, upon the declaration of forfeiture of purchaser's rights under a real estate contract of sale, the contract is at an end. It is the apparent view of the trial court that, upon such a declaration, neither party can have any further rights under the contract. The trial court's view, it would seem, would cause the forfeiture of a real estate contract to be the same as a rescission of such a contract.

That a covenant to pay attorney's fees is rendered ineffective by an election of the covenantee to forfeit the other out of his contract rights as provided for in the agreement, is a non sequitur. Insofar as the trial court based its

refusal to grant attorney's fees on this ground, the ruling was erroneous. The declaration of forfeiture was in affirmance of the contract, not a repudiation of it.

> [W]hen the vendee has breached the covenants of his contract and the latter contains a provision entitling the vendor to declare a forfeiture on account of such breach, the forfeiture is not a rescission of the contract. A rescission terminates the contract by a method not authorized by the agreement itself. It extinguishes the contract despite its provisions which contemplate a totally different result. A forfeiture declared, pursuant to the terms of the contract, executes the agreement as effectually as performance itself. It is an assertion of a right granted by the contract. *Holland v. Bradley,* 140 Ore. 258, 263, 12 P.2d 1100 (1932).

The case of *Motor Contract Co. v. Van Der Volgen,* 162 Wash. 449, 455, 298 Pac. 705, 79 A.L.R. 29 (1931), involved a defaulting conditional vendee. The contention was made that the vendor, having cancelled the contract and forfeited all of the rights of the vendee thereunder, was precluded, as the contract no longer existed, from resorting to any provision of that contract to derive the benefit of attorney's fees therefrom. We said then:

> The stipulation for the payment of a reasonable attorney's fee in case the vendor or its successor in interest, on default in payments by the vendee, brought an action in replevin for repossession of the automobile, is valid. . . . The appellant [vendee] agreed that, if he breached the contract and necessitated suit to regain possession of the car, and the contract was forfeited, he would pay a reasonable attorney's fee as a penalty for his breach. Such stipulation is not void as against public policy of this state.

Plaintiffs declaration of forfeiture in the instant case did not foreclose them from recovering their attorney's fees if this recovery were provided for in the contract.

We now reach, *sua sponte,* the question of whether the contract does, in fact, provide for the recovery of attorney's fees in the event a suit was made necessary to quiet title and gain repossession following a declaration of forfeiture. The written document, it will be remembered, contains the

following clause: "In any suit or action to enforce any covenant of this contract or to collect any installment payment or any charge arising therefrom, the purchaser agrees to pay a reasonable sum as attorney's fees . . . ."

The question arises: Are plaintiffs bringing an "action to enforce any covenant" in this suit to quiet title and regain possession of the premises? The contract contains no express promise to pay attorneys in the event of a suit of this specific nature. It is likewise silent with reference to the delivery of possession by the defaulting purchaser subsequent to his acquiescence to the declaration of forfeiture. He refused to relinquish possession which he held through his tenants.

The contract expressly gave defendant the right to possession. It was therein agreed that plaintiffs were entitled to forfeit him out of this right should he default in performing certain covenants. In our view, this raises an implied promise to relinquish possession upon a valid declaration of forfeiture. Necessary implications are as much a part of an agreement as though the implied terms were plainly expressed. *Geyen v. Time Oil Co.*, 46 Wn.2d 457, 282 P.2d 287 (1955); *Reeker v. Remour*, 40 Wn.2d 519, 244 P.2d 270 (1952); *Stusser v. Gottstein*, 178 Wash. 360, 35 P.2d 5 (1934). The parties cannot have intended that defendant should have been entitled to remain in possession after his rights had been forfeited and cancelled. How can it be contended, upon regarding the contract as a whole, that the parties, as honest and just men, did not intend that defendant would surrender possession following forfeiture and the cancellation of his rights? Such a contention would be absurd.

Intention or meaning in a contract may be manifested or conveyed either expressly or impliedly, and it is fundamental that that which is plainly or necessarily implied in the language of a contract is as much a part of it as that which is expressed. If it can be plainly seen from all the provisions of the instrument taken together that the obligation in question was within the contemplation of the parties when making their contract or is necessary to carry their intention into effect, the law will imply the

obligation and enforce it. The policy of the law is to supply in contracts what is presumed to have been inadvertently omitted or to have been deemed perfectly obvious by the parties, the parties being supposed to have made those stipulations which as honest, fair, and just men they ought to have made. Therefore, whatever may fairly be implied from the terms or nature of an instrument is, in the eyes of the law, contained in it. . . . [W]hat is implied in law need not be expressed. 17 Am. Jur. 2d *Contracts* § 255 at 649 (1964).

■ Considering the contract before us in the light of both its expressed and necessarily implied provisions, it was the duty of the defendant to vacate the premises upon the giving of the required notice of forfeiture. He did not vacate, and plaintiffs were compelled to go to court to vindicate their legal rights. This is an action, essentially, to enforce the implied covenant to vacate, within the purview of the attorney's fees clause contained in the contract; hence, plaintiffs' attorney's fees should have been allowed by the trial court.

Except as modified herein, the judgment is affirmed.

ROSELLINI, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.