[No. 96-40303-1.    Division One.    March 9, 1970.]
Panel 1

JOSEPH L. BRUMMETT *et al., Appellants,* v. PAUL SANDO *et al., Respondents.*

*James R. Young,* for appellants.

*J. Lael Simmons, Roberts, Shefelman, Lawrence, Gay & Moch, Timothy R. Clifford,* and *William G. Tonkin,* for respondents.

SWANSON, J.—The Brummetts, mesne vendees of realty, appeal from a summary judgment dismissing their action for specific performance. The Sandos, original vendors, forfeited the real estate contract held by their vendees, the Brummetts' vendors. The Brummetts claim the forfeiture was unconstitutional.

On August 20, 1959, Paul and Esther Sando sold a parcel of waterfront property to Marvin and Anita Dobson. The sale was made under an executory real estate contract which provided:

> Time is of the essence of this contract. In case the purchaser shall fail to make any payment of the said purchase price promptly at the time the same shall fall due as hereinbefore specified, . . . the seller may elect to declare forfeiture and cancellation of this contract and upon such election being made all rights of the purchaser hereunder shall cease . . .

This contract was modified on April 8, 1960, as to the amount of payments.

The Dobsons sold their interest in the property to Joseph and Marie Brummett on April 15, 1960. The real estate contract covering this transaction provided it was:

> Subject to underlying contract balance owing to Paul Sando and wife which will be paid out of proceeds of this contract in accordance with terms and conditions therein.

The Brummetts in turn sold their interest in the property to Donald and Irma Morris on June 10, 1963.

In March of 1964, the Morrises defaulted on their payments and relinquished possession of the property to the Sandos. On April 7, 1964, the Sandos sent Brummetts a notice of intent to declare a forfeiture of the Sando-Dobson contract effective May 1, 1964. Brummett consulted with his attorney but made no offer to cure the defect. Indeed, Brummett admitted in a deposition that he had no cash with which to cure. On May 19, 1964, a notice of forfeiture and cancellation of the Sando-Dobson contract was mailed to the Brummetts. In other words, the contract was declared forfeited 42 days after the notice of intent. An additional copy of this notice of forfeiture was sent to Brummetts in September, 1964.

On April 14, 1965, Sandos sold the property to Wallace Wilson who, in turn, sold it to Donald and Verna Zander on September 9, 1966. On September 14, 1966, over 2 years after receiving the notice of forfeiture, the Brummetts filed an action against the Sandos and others seeking specific performance of their real estate contract, or damages in the alternative. The Zanders were joined as additional party

defendants. Both the Sandos and Zanders filed motions for summary judgment and submitted supporting affidavits.

Judge Hodson granted a summary judgment of dismissal, and the Brummetts appeal assigning error to the entry of the summary judgment. The main thrust of the Brummetts' argument is that they were deprived of property without due process of law in violation of U.S. Const. amends. 5 and 14, and Const. art. 1, § 3. They claim the right to have their position adjudicated under the latter, and assert they "were in the position of a mortgagee of a purchaser's equity in an executory contract for sale of real estate."

■ This assertion is without merit. *Norlin v. Montgomery*, 59 Wn.2d 268, 367 P.2d 621 (1961), does not support the Brummetts' position. The Supreme Court, in *Norlin*, said that the mortgagee of a contract purchaser's equity cannot have his interest extinguished by virtue of cancelation of the contract without his release. Here, the Brummetts were not mortgagees. They may have had an equity which they could mortgage. This they did not do. They received notice of the default. Their equity could have been protected by curing the default; again, an act which they failed to perform.

■ The only remaining question is whether the forfeiture procedure used by the Sandos met the requirements of due process of law. The Washington Supreme Court has approved two procedures whereby a vendor can declare a forfeiture of a real estate contract.

> It is the well-established rule in this state, where time is made the essence of a contract of sale, that the vendor may declare a forfeiture for the nonpayment of any installment. *Dill v. Zielke*, 26 Wn. (2d) 246, 173 P. (2d) 977; *Barrett v. Bartlett*, 189 Wash. 482, 65 P. (2d) 1279.

*Knoblauch v. Sanstrom*, 37 Wn.2d 266, 269, 223 P.2d 462 (1950). Upon a valid declaration of forfeiture, the vendee must relinquish possession of the property as was done here. *Suess v. Heale*, 68 Wn.2d 962, 416 P.2d 458 (1966). Should the vendee not relinquish possession, the vendor can bring a suit to quiet title and regain possession. Here,

the Brummetts had 42 days in which to cure the default after the notice of intent, a more than legally sufficient time. See *Granston v. Boileau,* 177 Wash. 640, 33 P.2d 96 (1934), in which the court found a period of time less than a month sufficient. The Sandos had regained possession and had given the appropriate notices. This was legally sufficient unless we agree with appellants' contention that the Sandos had to bring a possessory action to obtain what they already possessed. On the contrary, "[c]learly, the declaration of forfeiture, under the facts and circumstances, was justified, according to the terms of the contract and under the law." 177 Wash. at 645.

The Brummetts were given a reasonable time in which to protect their interest. They had sufficient notice but did not act, and thus were afforded the protection of due process of law. We find neither merit nor authority to support their contentions.

Judgment affirmed.

JAMES, C. J., and FARRIS, J., concur.