[No. 9460–2–I. Division One. September 7, 1982.]

J. MICHAEL SOFIE, ET AL, *Respondents,* v. JULIUS
KANE, *Appellant,* D. W. COLLART, ET AL,
*Respondents.*

*Julius Kane,* pro se.

*Larry Daugert* and *Raymond L. Davis,* for respondents.

SWANSON, J.—Julius Kane appeals orders of summary judgment quieting title in the plaintiffs, J. M. Sofie, et al (Sofie), and dismissing Kane's complaint against the Collarts. Kane also appeals the denial of a motion to vacate the orders of summary judgment. These two appeals have been consolidated.

The following facts are undisputed:

| | |
|---|---|
| March 18, 1974 | The Collarts as vendors sold real property to Kane under a real estate contract. The Collarts also executed a fulfillment deed which was held by their attorney. |
| April 1, 1975 | Kane sold the property on a real estate contract to the Robins. |
| January 20, 1976 | A quitclaim deed was recorded which conveyed Kane's interest in the property to WestEden Development Corporation. |
| September 15, 1977 | Collarts sent Kane a "notice of intention to declare forfeiture of and cancel contract" because of Kane's default on the contract. |
| October 15, 1977 | Collarts sent Kane by certified mail a "notice of declaration and cancellation of contract." |
| November 4, 1977 | Robins paid Collarts $25,500 which was the amount Kane owed the Collarts. |
| November 7, 1977 | Collarts executed and delivered to the Robins a seller's assignment of real estate contract and deed. The conveyance also included "all Grantor's interest in that certain Declaration of Forfeiture dated October 15, 1977 and |

directed to Julius and Roberta Kane."

January 16, 1978 Robins executed a real estate contract selling the property to Sofie. The Robins also executed a seller's assignment of contract and deed to Nay.

April 28, 1978 Robins filed a summons and complaint against the Kanes seeking judgment in the amount of $8,500 which they alleged was overpaid to the Collarts to acquire title to the property.

February 26, 1979 A warranty fulfillment deed was recorded from Nay to Sofie.

June 20, 1979 The warranty fulfillment deed which was executed by the Collarts as grantors and Kane as grantee on March 18, 1974, and held by the Collarts' attorney was recorded.

October 5, 1979 A stipulated dismissal was filed in the case of Robins v. Kane which included the provision that the Kane-Robins contract was canceled and that Kane was entitled to possession of the property. The parties also entered into a separate agreement whereby Kane agreed to pay the Robins a sum certain.

November 5, 1979 Robins moved to vacate the stipulated dismissal.

November 9, 1979 Trial court orally granted the motion to vacate.

November 19, 1979 Kane filed a notice of appeal from the order vacating the stipulated dismissal.

December 14, 1979 Trial court entered its formal order vacating the October 5, 1979 stipulated dismissal and also entered an order granting Sofie's motion to

| | intervene. |
| January 25, 1980 | An order was entered dismissing Sofie's complaint to intervene without prejudice. |
| June 26, 1980 | Sofie commenced an action to quiet title. |
| July 1, 1980 | Kane filed a third party complaint against the Collarts. |
| October 17, 1980 | Trial court entered an order of summary judgment in favor of Sofie quieting title against any claim of title or interest by Kane. |
| October 31, 1980 | Kane filed a notice of appeal from "those summary judgments granted . . . on 17 October 1980." |
| November 7, 1980 | A formal order of summary judgment was entered dismissing Kane's third party complaint against the Collarts. |
| May 4, 1981 | An opinion was filed in the Court of Appeals reversing the trial court's decision vacating the stipulated judgment between the Robins and Kane. |
| June 8, 1981 | Kane filed a motion to vacate the orders of summary judgment entered in favor of Sofie and the Collarts. |
| June 19, 1981 | An order was entered denying Kane's motion to vacate. |
| July 2, 1981 | Kane filed a notice of appeal from the order denying his motion to vacate. |
| December 17, 1981 | An order was entered in Court of Appeals consolidating Kane's appeal from the denial of his motion to vacate with his appeal from the orders of summary judgment quieting title in Sofie and dismissing Kane's complaint against the Collarts. |

Kane first contends that the trial court erred in basing its

decision to quiet title upon the action of the Collarts in forfeiting Kane's rights under the contract. Kane contends that the trial court erred in enforcing the forfeiture because a lawsuit was not commenced against him by the Collarts. We disagree.

In *Brummett v. Sando,* 2 Wn. App. 33, 35–36, 466 P.2d 187 (1970), we stated:

> The Washington Supreme Court has approved two procedures whereby a vendor can declare a forfeiture of a real estate contract.
>
> It is the well–established rule in this state, where time is made the essence of a contract of sale, that the vendor may declare a forfeiture for the nonpayment of any installment. *Dill v. Zielke,* 26 Wn. (2d) 246, 173 P. (2d) 977; *Barrett v. Bartlett,* 189 Wash. 482, 65 P. (2d) 1279.

*Knoblauch v. Sanstrom,* 37 Wn.2d 266, 269, 223 P.2d 462 (1950). Upon a valid declaration of forfeiture, the vendee must relinquish possession of the property as was done here. *Suess v. Heale,* 68 Wn.2d 962, 416 P.2d 458 (1966). Should the vendee not relinquish possession, the vendor can bring a suit to quiet title and regain possession. Here, the Brummetts had 42 days in which to cure the default after the notice of intent, a more than legally sufficient time. See *Granston v. Boileau,* 177 Wash. 640, 33 P.2d 96 (1934), in which the court found a period of time less than a month sufficient. The Sandos had regained possession and had given the appropriate notices. This was legally sufficient unless we agree with appellants' contention that the Sandos had to bring a possessory action to obtain what they already possessed. On the contrary, "[c]learly, the declaration of forfeiture, under the facts and circumstances, was justified, according to the terms of the contract and under the law." 177 Wash. at 645.

Although a court in equity may permit a defaulting vendee a period of grace to cure a default, the law is well settled as to the right of the vendor to declare a forfeiture. *See Ryker v. Stidham,* 17 Wn. App. 83, 561 P.2d 1103 (1977). After a declaration of forfeiture a lawsuit to quiet title may be necessary to regain possession or to obtain marketable title; however, there is no requirement that the vendor seek a

confirmation of the forfeiture in a judicial proceeding. *See generally* Washington State Bar Ass'n, *Real Property Deskbook* §§ 37.37–37.42 (1979).

It is undisputed that the contract between Kane and the Collarts provided that time was of the essence and that in the event of a default by Kane the Collarts could declare a forfeiture. It is also undisputed that Kane was in default under his contract with the Collarts and that he received the notice of intent to declare forfeiture as well as the declaration of forfeiture. Kane offered no equitable reason in his opposition to the motion for summary judgment why the trial court in the quiet title action should not enforce the forfeiture. When considering the time that has elapsed since the declaration of forfeiture which occurred on October 15, 1977, and the absence of a showing by Kane why the forfeiture should not be enforced, we hold that the trial court did not err in basing its decision in part upon the effectiveness of the forfeiture.

Because the declaration of forfeiture terminated Kane's interest in the property, the seller's assignment and deed from the Collarts to the Robins gave the Robins title to the property. Sofie received the Robins' vendees' interest in the property by a real estate contract dated January 16, 1978. Sofie eventually received the full ownership when the Robins executed a seller's assignment of contract and deed to Nay who then delivered a fulfillment deed to Sofie. Thus, the trial court properly determined that title to the property was in Sofie.

■■ We also hold that Kane did not gain any interest in the property by virtue of the recording on June 20, 1979, of the fulfillment deed from the Collarts. This deed had no legal effect. The Collarts on March 18, 1974, delivered a warranty fulfillment deed to their attorney to be delivered to Kane when he completed the terms of the contract. Since this deed was not delivered to Kane, it was not effective. *Holohan v. Melville,* 41 Wn.2d 380, 249 P.2d 777 (1952); *Raborn v. Hayton,* 34 Wn.2d 105, 208 P.2d 133 (1949). When Kane became delinquent on the contract, the

Robins in accordance with their contract with Kane paid the Collarts the full amount they were owed by Kane. The Collarts then executed and delivered to the Robins a seller's assignment of real estate contract and deed on November 10, 1977. Thus, when the Collart–Kane fulfillment deed was recorded and delivered to Kane, the Collarts had no interest to convey. A grantor can convey no greater title or interest than he or she has in the property. *McGill v. Shugarts,* 58 Wn.2d 203, 361 P.2d 645 (1961); 23 Am. Jur. 2d *Deeds* § 289 (1965). Since the Collarts had conveyed title to the property prior to the delivery of the deed to Kane, the Collart–Kane deed was a nullity.

Nor did Kane have any right, title, or interest in the property based upon the stipulated judgment with the Robins which was filed on October 5, 1979. The judgment provides that the Kane–Robins contract was canceled and that any rights the Robins had in the contract belonged to Kane. The judgment also gave Kane possession of the property. At the time of the entry of this stipulated judgment, however, the Robins had no interest to give to Kane because they had transferred their vendee's interest to Sofie and their vendor's interest to Nay. Since the Robins had no interest in the property on the date of the judgment, they could not transfer any interest or possession to Kane.

Nor did the stipulated judgment of dismissal affect Robins' transferees and successors in interest. The original complaint filed by the Robins against Kane was for moneys owed. The Robins claimed that they had overpaid the Collarts the sum of $8,500 to acquire title to the property. Kane counterclaimed against the Robins; however, Sofie was not joined as a party even though both Kane and the Robins were aware that Sofie claimed the property because of a real estate contract with Robins and a warranty deed from Nay who had received a seller's assignment and deed from the Robins. In order to terminate or cancel their contract, both Kane and the Robins were required to give notice to subsequent vendees of whom they had actual

knowledge. *See Kendrick v. Davis,* 75 Wn.2d 456, 452 P.2d 222 (1969); *Welling v. Mount Si Bowl, Inc.,* 79 Wn.2d 485, 487 P.2d 620 (1971).

Just as a vendee is a necessary and proper party for purposes of a condemnation proceeding, *Pierce Cy. v. King,* 47 Wn.2d 328, 287 P.2d 316 (1955), we hold that a vendee is a necessary party in an action by the original vendor and vendee to terminate or cancel a real estate contract when a later vendee is of record and the parties know the later vendee claims an interest in the property. Accordingly, the only legal effect of the stipulated judgment of dismissal of the Kane–Robins lawsuit was to resolve the controversy between the Robins and Kane. Kane did not gain any interest in the property under the judgment.

Kane's initial interest in the property was as a contract vendee under the original Collart–Kane contract. He had the right to possession and was obligated to make payments to the Collarts. *See Cascade Sec. Bank v. Butler,* 88 Wn.2d 777, 567 P.2d 631 (1977). After he transferred his vendee's interest to the Robins, any title which Kane thereafter received would have been held in trust for his transferees. The Robins similarly would hold any title in trust for their transferees. Thus, even if the title to the property had passed as was originally intended from the Collarts to Kane and then to Robins, both Kane and the Robins would have held the title in trust for their successors in interest. Kane and the Robins would have merely been conduits for the transfer of title to Sofie.

Kane also contends that the trial court erred in quieting title in Sofie because WestEden Development Corporation was not served. We find it unnecessary to resolve this issue. The judgment quieting title states that "title to the real property . . . is hereby quieted in [Sofie] against any claim of title or interest by defendant Julius Kane." Thus the judgment does not refer to WestEden, nor is WestEden an appellant in this court.[1]

---

[1]We also note that during oral argument, Kane stated that he was not an offi-

Kane also contends that the trial court erred in denying his motion to vacate the orders of summary judgment. Kane bases this contention on an opinion filed in this court on May 4, 1981, in cause 8179–9–I, which reversed an order vacating the stipulated judgment between Kane and the Robins. Kane contends that Sofie who was referred to in the opinion as the "Skeers Group" is bound by that decision and the stipulated judgment. We disagree.

 Sofie was not a party to the stipulated judgment which was entered on October 5, 1979. Sofie moved to intervene only after the Robins had moved to vacate the stipulated judgment. Although the trial court entered an order dismissing Sofie's complaint to intervene with prejudice after the appeal had been filed, the trial court had the jurisdiction under RAP 7.2(e) to hear and decide this post-judgment motion because it did not change a decision being reviewed. Since Sofie did not participate in the appeal and was not a party to the stipulated judgment, Sofie was not bound thereby. Thus, the trial court did not abuse its discretion in denying Kane's motion to vacate.

Kane has also appealed the order of summary judgment dismissing his action against the Collarts. In reviewing the record there is no basis for reversal of the trial court's order dismissing Kane's complaint against the Collarts. The Collarts have asked for attorneys' fees on appeal. We find no basis to award attorneys' fees pursuant to RAP 18.1.

Affirmed.

DURHAM, A.C.J., and RINGOLD, J., concur.

---

cer or shareholder of WestEden, and that his only interest was as a beneficiary under a family trust. Thus Kane has no standing to raise issues on behalf of WestEden.