749 F.2d 1283
 55 A.F.T.R.2d 85-526, 85-1 USTC P 9119
 UNITED STATES of America, Plaintiff-Appellant,
v.
Stephen WINTERBURN, aka Steven H. Winterburn; Linda
Winterburn; Robert O. Middleton; and Carol A.
Middleton, Defendants,
and
Roger Allard and Adele Allard, Defendants-Appellees.
 No. 83-3875.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 7, 1984.
Decided Dec. 17, 1984.
 
 John A. Dudeck, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellant.
 Robert B. Leslie, Seattle, Wash., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Washington.
 Before WRIGHT, SNEED, and ALARCON, Circuit Judges.
 ALARCON, Circuit Judge:
 
 
 1
 The government appeals from the order of the district court denying the motion of the United States for summary judgment to foreclose federal tax liens against the interest of Stephen and Linda Winterburn in real property located in Whatcom County, Washington.
 
 
 2
 We must determine whether the judgment of a Washington state court terminating the Winterburns' rights under a real estate sales contract was rendered in a quiet title action. Because we conclude that this proceeding was a quiet title action under Washington law, the district court's order dismissing the action must be reversed because the United States was not joined in the Washington state proceedings.
 
 
 3
 * PERTINENT FACTS
 
 
 4
 The facts underlying the United States' claim against the defendants are not in dispute. On February 24, 1975, Robert and Carol Middleton entered into a real estate sales contract for the sale of real estate in Whatcom County, Washington, to Stephen Winterburn for a total price of $12,000. The contract provided for the payment of $125 plus interest in consecutive monthly installments. Winterburn was entitled to possession of the property so long as he fulfilled the terms of the contract. Upon full payment of the purchase price, Winterburn would receive a statutory warranty deed. If Winterburn failed to make any payment, the sellers could "elect to declare the purchaser's rights terminated." In the event of a declaration of forfeiture, all payments and improvements made upon the property would be forfeited.
 
 
 5
 Winterburn failed to pay the installments for May, June and July 1975. On July 15, 1975, the Middletons sent Winterburn notice of their intention to declare a forfeiture. A notice of forfeiture was sent on August 21, 1975. Winterburn remained in possession. On August 27, 1975, a $500 payment was made to the bank collection account. Thereafter, the Winterburns made each monthly payment through February, 1976. No payments were made until June, 1976. A second notice of intention to declare a forfeiture was mailed to the Winterburns on May 20, 1976. On June 24, 1976, a payment of $500 was credited to the bank collection account. The Winterburns made the payments due from July through October, 1976. No payments were made from November to May, 1977. A third notice of intention to declare a forfeiture was mailed on May 11, 1977. On June 15, 1977, the Winterburns made a payment of $875. No further payments were made by the Winterburns.
 
 
 6
 Meanwhile, on September 16, 1975 the Internal Revenue Service filed a notice of tax lien against Stephen Winterburn in the amount of $10,637.49 in the proper office in Whatcom County, Washington. On March 19, 1976, the Internal Revenue Service filed a second tax lien in the amount of $3,123.35 in the appropriate office in the county where the property was located. The liens covered any property or right to ownership by Stephen Winterburn in the property which is the subject of the land sales contract. Winterburn failed to pay any of the federal taxes.
 
 
 7
 On January 24, 1978, the sellers, Robert O. and Carol A. Middleton, filed an action designated simply as a "Complaint" against Stephen Winterburn in the Superior Court of Whatcom County, Washington. The Middletons, after alleging that no payment had been made since June 15, 1977, prayed for (1) an adjudication terminating all of Winterburn's rights under the contract, (2) forfeiture of the payments previously made as liquidated damages, and (3) an order giving the Middletons the right to reenter and take possession of the property. The United States was not joined as a party nor served with notice of the action. A default judgment was entered against Stephen Winterburn on May 17, 1978, granting the relief requested by the Middletons. On September 15, 1978, the Middletons sold the property to Roger and Adele Allard for $27,500.
 
 
 8
 On July 16, 1981, the United States brought this action against the Winterburns, the Middletons, and the Allards to reduce to judgment the Winterburns' outstanding tax liabilities and to foreclose the tax liens against the real property in question in this matter.
 
 
 9
 A default was entered against the Winterburns and the Middletons. The United States moved for summary judgment. The Allards moved to dismiss the action contending that "the forfeiture was accomplished by Notice; the subsequent possessory action (quiet title) was not the forfeiture event but an action to recover possession."
 
 
 10
 On April 13, 1983, the district court granted the government's motion for a summary judgment against Winterburn. The government's motion for summary judgment to foreclose the tax liens was denied. The Allards' motion to dismiss the complaint was granted.
 
 II
 DISCUSSION
 
 11
 The government argues that the district court erred by characterizing the Middletons' state action as a confirmation of the sellers' rights under the real estate sales contract rather than as an action to quiet title. We agree.
 
 
 12
 We begin our analysis by discussing the pertinent federal statutes.[1]
 
 
 13
 To permit recovery of taxes from a recalcitrant taxpayer, Congress has provided that:
 
 
 14
 If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.
 
 
 15
 26 U.S.C. Sec. 6321.
 
 
 16
 In order to prevent the extinguishment of its tax liens by a transfer or forfeiture of interest of a taxpayer in real property, Congress enacted section 7425 of title 26 of the United States Code, 26 U.S.C. Sec. 7425. Section 7425(a) provides that a federal tax lien is not affected by a civil action described in subsection (a) of section 2410 of title 28 of the United States Code if the United States was not joined as a party provided that "notice of such lien has been filed in the place provided by law for such filing at the time such action or suit is commenced." 26 U.S.C. Sec. 7425(a)(1).
 
 
 17
 In section 2410(a) of title 28 of the United States Code, 28 U.S.C. Sec. 2410(a), Congress has authorized the naming of the United States as a party to an action to quiet title upon real property on which the United States claims a lien.
 
 
 18
 No issue has been raised concerning the existence of the tax liens prior to the time the Middletons filed their action in the Superior Court of Whatcom County, or that notice of the government's lien was filed in the proper place in accord with applicable Washington law.
 
 
 19
 The Allards contend that the government failed to file the liens pursuant to the requirements of the state of Washington. We disagree. The government was required to file a notice of its liens in the place for filing such notice under state laws. 26 U.S.C. Sec. 6323. That requirement was fulfilled. The Allards contend, nevertheless, that under Washington law actual notice of a lien must be given to the contract seller. The state of Washington does not require that actual notice of a federal tax lien be given to the seller. Washington law expressly provides that notices of federal tax liens may be filed in the office of the county auditor of any county within which the property is located. Wash.Rev.Code Sec. 60.68.010 (1983). Here, notice of the tax lien was filed in the office of the Whatcom County Auditor. Accordingly, the requirements of section 6323(a) were met. Notice of a federal tax lien need not be filed in accordance with the laws of the state where the property is located, except those pertaining to the place of filing. See United States v. Union Central Life Insurance Co., 368 U.S. 291, 296, 82 S.Ct. 349, 352, 7 L.Ed.2d 294 (1961) (notice is sufficient if given in the form used by the government without regard to the general requirements for recording under the laws of a particular state or territory).
 
 
 20
 The government having filed proper notices of tax liens, our task is to determine whether the action filed by the Middletons was a quiet title action. If so, the tax liens were not extinguished by the state court's judgment because the government was not named as a party to that action. In deciding the nature of the Middletons' state court action, we must look to Washington law. See United States v. Brosnan, 363 U.S. 237, 241, 80 S.Ct. 1108, 1111, 4 L.Ed.2d 1192 (1960) (state law should be adopted as federal law governing divestiture of tax liens); see also Runkel v. United States, 527 F.2d 914, 916 (9th Cir.1975) (rights in property to which tax liens may attach are created under state law).
 
 
 21
 Under Washington law, where the buyer fails to make a payment as required by the land sales contract the vendor has a choice of remedies. Where time has been made the essence of the contract, he may terminate the contract or declare a forfeiture without resort to judicial proceedings for confirmation. Dill v. Zielke, 26 Wash.2d 246, 252, 173 P.2d 977, 979-80 (1946); Sofie v. Kane, 32 Wash.App. 889, 893, 650 P.2d 1124, 1127 (1982). Where the vendor has granted indulgences by permitting payments after they were due without protest, strict performance is waived and a forfeiture cannot be declared without notice of the intention to do so and a reasonable time for the vendee to perform. Ryker v. Stidham, 17 Wash.App. 83, 87, 561 P.2d 1103, 1105 (1977). If the vendor declares a forfeiture, there is no requirement that he seek judicial confirmation of the forfeiture. Sofie v. Kane, 32 Wash.App. at 893-94, 650 P.2d at 1127. "Upon a valid declaration of forfeiture, the vendee must relinquish possession of the property." Sofie v. Kane, 32 Wash.App. at 893, 650 P.2d at 1127 citing Suess v. Heale, 68 Wash.2d 962, 966, 416 P.2d 458, 461 (1966). In the event that the vendee does not relinquish possession, "the vendor can bring a suit to quiet title and regain possession." Id. A lawsuit to quiet title may also be necessary after a declaration of forfeiture "to obtain marketable title." Sofie v. Kane, 32 Wash.App. at 893, 650 P.2d at 1127.
 
 
 22
 In the instant matter, the Middletons did not declare a forfeiture. Instead, the Middletons alleged in their complaint that the filing of the action was necessary to regain possession and to terminate Winterburn's rights under the real estate sales contract because:
 
 
 23
 [T]he defendant has heretofore been delinquent on payments and on three different occasions Notice of Intention to Terminate the Contract have been sent to him and that it would be unreasonable and burdensome to require the plaintiffs to continue to send notices of forfeiture thereby incurring legal expense.
 
 
 24
 Thus, rather than declare a forfeiture, the Middletons elected to have the court restore them to possession and terminate Winterburn's right of redemption and his equitable interest in the property. Eckley v. Bonded Adjustment Co., 30 Wash.2d 96, 106, 190 P.2d 718, 722-23 (1948). Under Washington law, a vendee has a real property interest in the land which is subject to a federal tax lien. Runkel v. United States, 527 F.2d at 916. Under Washington law "a declaration of forfeiture under an executory real estate sales contract is effective to extinguish liens upon the buyer's interest in the contract unless the seller had actual notice of the liens." Runkel v. United States, 527 F.2d at 917. The Middletons had no notice of the government's tax liens on Winterburn's equitable interest in the property. Thus, had the Middletons elected to declare a forfeiture, the tax liens would have been extinguished. Instead, the Middletons sought the assistance of the court in regaining possession and in terminating the Winterburns' equitable interest in the land. Under Washington law, the relief they sought is referred to as a quiet title action. Sofie v. Kane, 32 Wash.App. at 893, 650 P.2d at 1127. As noted above, the Allards, in their motion to dismiss this action referred to the Middletons' law suit as a possessory/quiet title action.
 
 
 25
 The Allards argue in their brief before this court, however, that a judicial proceeding to enforce a contractual right to regain possession is "a possessory action." The Allards would apparently limit a quiet title action to a proceeding in which the plaintiff seeks a decree confirming his title. No citation is given for this proposition. This narrow interpretation of the term "quiet title action" is inconsistent with the Washington law discussed above. The argument also ignores the fact that the action brought by the Middletons also sought a termination of Winterburn's rights under the real estate contract.
 
 
 26
 Because the Middletons failed to name the United States as a party to their quiet title action under section 7425(a), the tax lien was unaffected by the Washington court's judgment. The district court erred as a matter of law in concluding that the Middletons' action was not a quiet title action.
 
 
 27
 The judgment dismissing this action is REVERSED.
 
 
 
 [1]
 The issues presented in this matter require an interpretation of federal statutes and the law of the State of Washington concerning actions to quiet title or to foreclose a lien. Such questions are reviewable de novo. United States v. McConney, 728 F.2d 1195 (9th Cir.1984), appeal docketed, No. 83-1884 (May 17, 1984)