960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Norman W. STEVENSON; Jacquelin K. Stevenson, As Executor
and Executrix of the Estate of Thomas C.
Stevenson, Jr., Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA; State of South Carolina,
Defendants-Appellees.
 No. 91-2512.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 3, 1992
Decided: April 21, 1992
 
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 
 1
 ARGUED: H. Brewton Hagood, Rosen, Rosen & Hagood, Charleston, South Carolina, for Appellants.
 
 
 2
 John Harris Douglas, Assistant United States Attorney, Charleston, South Carolina, for Appellee United States; Ellison D. Smith, IV, Smith & Bundy, Charleston, South Carolina, for Appellee South Carolina.
 
 
 3
 ON BRIEF: Morris S. Rosen, Rosen, Rosen & Hagood, Charleston, South Carolina, for Appellants.
 
 
 4
 E. Bart Daniel, United States Attorney, Charleston, South Carolina, for Appellee United States; Richard D. Bybee, Smith & Bundy, Charleston, South Carolina, for Appellee South Carolina.
 
 OPINION
 PER CURIAM:
 
 5
 Norman W. Stevenson and Jacquelin K. Stevenson, as executor and executrix of the estate of Thomas C. Stevenson, Jr., appeal the order of the district court declaring that an easement held by the United States over property owned by the estate has not been extinguished through cessation of purpose or abandonment. See 28 U.S.C.A. § 2201 (West Supp. 1991). The Stevensons also challenge the rejection by the district court of their action to quiet title. See 28 U.S.C.A. § 2409a (West 1978 & Supp. 1991). Finding no error, we affirm.
 
 I.
 
 6
 Thomas C. Stevenson, Jr. owned approximately 81.3 acres of land on the Ashley River near Charleston, South Carolina. His predecessor in interest conveyed a spoilage easement over a portion of the property to the United States. The instrument granted the holder the perpetual right to use the property for the deposit of spoil excavated during construction and maintenance of the Ashley River Project and its appurtenances.
 
 
 7
 In 1972, the South Carolina Department of Highways and Public Transportation (SCDHPT) determined that a segment of the proposed James Island Expressway would traverse the property and, as a result, it would be necessary to condemn a portion of the property covered by the easement. The United States Department of the Army Corps of Engineers (Corps) consented to construction of the expressway across the easement in early 1988. SCDHPT ultimately condemned 45.21 acres of the property and awarded Stevenson $7,000 in compensation.
 
 
 8
 The Stevensons filed suit, seeking a declaratory judgment that any rights held by the United States by virtue of the spoilage easement had either been abandoned or extinguished through cessation of purpose. They also brought an action to quiet title.
 
 II.
 
 9
 The district court first concluded that the Stevensons' claims failed because easements held by the United States cannot be extinguished by lack of use. Relying on evidence indicating that the Corps considered the easement to remain in existence to facilitate maintenance of the Ashley River and its appurtenances, the district court alternatively held that the Stevensons failed to prove any intent on the part of the Government to abandon the easement. In response to the contention that expiration of the Ashley River Project resulted in cessation of purpose for the easement, the court determined that furnishing an area for spoil disposal constituted the primary purpose of the easement. Since the need to monitor and maintain the river remains and the burden on the servient estate will not change, the court held that this accommodation of future needs easily comported with the prospective nature of easements.
 
 
 10
 Our review reveals that the district court properly ruled that easements held by the United States are not extinguished through lack of use. See United States ex rel. Tenn. Valley Auth. v. Bagwell, 698 F. Supp. 135, 138 (M.D. Tenn. 1988). Further, the district court correctly concluded that the United States has not abandoned its easement over the property, see Carolina Land Co. v. Bland, 217 S.E.2d 16, 21 (S.C. 1975), and that the purpose of the easement has not ceased to exist, cf. Lethin v. United States, 583 F. Supp. 863, 873 (D. Or. 1984). Accordingly, we affirm on the findings and reasoning of the district court. See Rodriguez v. Cuomo, 953 F.2d 33, 36 (2d Cir. 1992) (legal conclusions in declaratory judgments of a district court ordinarily reviewed de novo); United States v. Winterburn, 749 F.2d 1283, 1286 n.1 (9th Cir. 1984) (noting that review of law concerning actions to quiet title is de novo).
 
 AFFIRMED