[No. 13153. Department One. June 1, 1916.]

J. W. ANDERSON, *Respondent*, v. WISA H. HALL, *Appellant*.[1]

PLEADING—AMENDMENT—DEMURRER — DISCRETION. After overruling a general demurrer to the complaint and the filing of an answer, it is discretionary for the trial court to deny leave to file an amended answer in the nature of a second demurrer alleging that the action had not been commenced within the time limited by law and that the facts in the complaint did not state a cause of action.

APPEAL—REVIEW—AMENDMENTS. After a full trial on the merits, defects in the pleadings must be disregarded and deemed cured by amendment.

LIMITATION OF ACTIONS—PERSONS BARRED—ADVERSE. POSSESSION— QUIETING TITLE. The bar of the statute of limitations against an action to quiet title does not run against one in uninterrupted possession holding adversely under a claim of right.

QUIETING TITLE—EVIDENCE—DEEDS—ADMISSIBILITY. Where plaintiff, upon purchasing land, took title in the name of his father, to whom the deed was delivered, and subsequently took another deed to the defendant, in an action to quiet title against defendant, the prior deed is admissible as part of the history of the transaction and to show that defendant acquired no title.

TRUSTS—RESULTING TRUSTS—DEEDS. The execution of a deed by plaintiff to defendant without other consideration than contemplation of marriage, and its subsequent recordation by plaintiff, vests no more than bare title in the defendant; and a resulting trust exists in favor of the plaintiff, where the deed was never delivered and it

[1]Reported in 157 Pac. 996.

was all done without the knowledge of defendant, at a time when plaintiff, already married, could make no valid contract to marry defendant and defendant broke off the engagement.

FRAUDULENT CONVEYANCES—RIGHTS OF PARTIES—EQUITY—QUIETING TITLE. Where, pending divorce proceedings, the wife made no claim to certain property purchased by the defendant husband and there was no evidence that the same was concealed from her, the fact that he took title in the name of another to avoid future complications concerning the title does not show such a fraud upon the wife as to prevent equity from granting the plaintiff relief in an action to quiet his title.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered April 17, 1915, upon findings in favor of the plaintiff, in an action for equitable relief, tried to the court. Affirmed.

*Jas. W. Carr*, for appellant.

*F. W. Moore*, for respondent.

FULLERTON, J.—This is an action instituted by the respondent, J. W. Anderson, against the appellant, Wisa H. Hall, to require her to execute a deed to him of certain real property and to quiet his title thereto against the claims of Mrs. Hall. A decree was rendered in his favor in the court below, from which Mrs. Hall appeals.

On July 27, 1908, Monroe R. Brewster and Mary D. Brewster were the owners of the real property in question, and had theretofore contracted to convey the same to one Peters on the payment of a stated consideration to a bank which held the contract in escrow. The respondent, Anderson, purchased the interests of Peters in the contract, paid the unpaid part of the purchase price of the land to the bank, and on the date given, took a deed from Brewster and wife to the property in which his father, George W. Anderson, was named as grantee. This deed was delivered to the grantee named in it, and while never recorded, was retained by him until introduced into the record as part of the evidence in the present case. On March 27, 1909, the respond-

ent procured the Brewsters to execute a second deed to the property, naming the appellant as the grantee therein. This deed the respondent caused to be recorded on April 13, 1909, without delivery to the appellant. In fact, the deed was never actually delivered to her, and was introduced in evidence at the trial below from the possession of respondent. Both parties agree that the appellant did not know of its execution until sometime after the event happened, but disagree as to the time when it was first made known to her, the appellant testifying that it was prior to the time it was recorded, and the respondent that it was after that time.

The relations existing between the appellant and respondent prior to the execution of the deed are not made very clear by the record. It can be gathered therefrom, however, that the parties knew each other in some other state in their younger days; that their places of residence became separated and that they did not meet again until some twenty-five years later, in 1905, at a time when the respondent passed through this state on his way to the Philippine Islands; that the respondent returned from the islands in the early part of the year 1908 and took up his residence in Kitsap county, and that from that time on the relations of the parties were intimate, each expecting to intermarry with the other. Mrs. Hall testifies that they became engaged to be married when they met in 1905, and that the engagement continued until sometime in the fall of 1911, when she broke it because of the misconduct of the respondent. She further testified that the property was conveyed to her as a gift, made in contemplation of the marriage.

The respondent, while admitting the engagement to marry, testified that it was made at a much later date than the date to which the appellant testified; in fact, that it was made after the execution of the deed; although at that time he anticipated that a marriage might take place between them. He denies the misconduct charged against him, and intimates, although he does not perhaps directly so charge, that the

engagement was broken because the appellant had become enamored of another person, with whom she intermarried some months later. Explaining why neither of the deeds were taken in his own name, he testified that he was then a married man, although he and his wife had lived separate and apart since 1902; that his wife was then contemplating a divorce; that she made no claim to his property, and he did not wish the title complicated by the divorce proceedings; that he changed the deed from his father to Mrs. Hall because of the illness of his father, whom he feared might not survive the divorce proceedings. He also testified that his wife obtained a decree against him in 1909, and that it was subsequent thereto that he entered into the engagement to intermarry with the appellant.

The record shows without contradiction that the respondent paid the entire purchase price of the property, that he has had at all times the sole and exclusive possession of it since its purchase, that he has paid all of the taxes assessed against the property prior to the time of the appellant's last marriage, and that he had expended in permanent improvements on the property upwards of one thousand dollars. The appellant never exercised, or sought to exercise, acts of ownership over the property prior to her marriage. Since that time she has made claims to it in virtue of her deed, and she paid one-half the taxes for the year 1912. The taxes were paid, however, prior to their delinquency, and without the consent or knowledge of the respondent. Between the years the respondent returned from the Philippine Islands and the year the marriage engagement between them was broken, the appellant was a frequent visitor at the place, going there principally on Sundays. She consulted and advised with the respondent as to the improvements he was putting on the place, sent him at different times a few fruit and ornamental bushes for planting, placed a few chickens on the place, and at one time placed a hog thereon. This was done, she tes-

tifies, in anticipation of their marriage, and with the idea that they might make the place their home.

The court in its decree allowed the appellant for her expenditures and services the sum of $102; adjudged that the respondent was the owner of the property, and that the appellant held the legal title to the same in trust for him; directed her to reconvey the property to the respondent, or, in case she failed so to do within a prescribed time, that the clerk, as a commissioner appointed by the court, make such a deed and quiet the title to the property in the respondent.

On this appeal the appellant first suggests a question of practice. After the service of the summons, she appeared and demurred generally to the complaint, which demurrer the trial court overruled. She then answered, putting in issue certain of the allegations of the complaint, and setting up affirmatively the facts upon which she relied to maintain her title. Issue was joined on this affirmative matter by the respondent, and the cause set down for trial. When the cause was called for trial, the appellant's counsel called attention to the fact that he had served notice on the respondent some three days before that he would ask to amend his answer by adding thereto "paragraphs eight and nine, first, that the action was not commenced within the time limited by law; and second, that the complaint did not state facts sufficient to constitute a cause of action," and asked leave to then amend in accordance therewith. The court denied the request on the ground that the offer came too late and was insufficient to constitute a defense in any event. The appellant thereupon moved orally for leave to withdraw her answer and file a demurrer "to the sufficiency of the complaint," which motion the court also denied.

It is argued in the brief of the appellant that the court committed reversible error in these rulings, but we think otherwise. The proffered amendments to the answer were more in the nature of a demurrer to the complaint than the allegations of any fact constituting a defense to the action, and it

was within the discretion of the court whether it would allow
a second demurrer to be interposed after answer and after
the cause had been put at issue and called for trial, a dis-
cretion which this court will not review other than for mani-
fest abuse, and no such abuse is shown.

But the ruling is not erroneous for other reasons. The
court at the trial did not deny to the appellant the right to
show any fact which tended to constitute a defense to the
respondent's action, nor any fact which tended to show a
right to the property in herself. Under these circumstances
this court is required to review the cause on its merits, disre-
garding any defect there may be in the pleading. Again,
there is no merit in the contention that the complaint shows
on its face that the statute of limitations had barred the
action set out therein. On the contrary, both the complaint
and the evidence introduced at the trial show that the stat-
ute was running against the appellant's claim, rather than
in its favor. It was the respondent who was in possession,
holding under a claim of right, and no bar to his right to
maintain an action to test his claim, as against one claiming
adversely, could run against him so long as his possession
and claim were maintained.

It is next contended that the court committed error in ad-
mitting in evidence the deed from Brewster and wife to
George W. Anderson. But this was admissible as a part of
the history of the transaction if for no other purpose. The
appellant claims, however, that the court attached too much
importance to it. But, as we read the evidence, he seemingly
followed the trend of the parties and gave it no consideration
other than such weight as it would have as tending to eluci-
date the transaction between the parties. It has seemed to
us that it might have been given much greater consideration.
It is regular upon its face, was made upon a sufficient con-
sideration, was duly delivered, and why it did not convey to
the grantee all the interest the grantors named therein had
in the property conveyed, is not at once clearly understand-

able. If this be so, the subsequent deed to the appellant conveyed no interest in the property at all, as the grantors had no interest to convey. But treating it as the parties to this action seemingly have treated it, its admission in evidence does not call for a reversal.

The appellant's principal contention is that the execution of the deed to herself and its subsequent recordation, being made in contemplation of marriage, constitutes a completed gift of the property, and that the respondent cannot now repudiate the gift even though the marriage failed of consummation. If the record showed no more than these bare facts, there would be, we think, some foundation for the claim. But the record shows something more than this. The effect of the evidence we have set forth somewhat in detail, and to our minds it justifies the conclusion of the trial court that no gift of the property was intended. The deed was made without the knowledge of the appellant; it was made at a time when no valid contract to intermarry existed between them; neither the deed nor the property itself was ever actually delivered to the appellant; and the appellant paid no part of the purchase price of the property. If the deed conveyed anything to the appellant at all, it conveyed nothing more than the bare legal title, and we conclude that the court was correct in its holding that a resulting trust in the property exists in respondent's favor, entitling him to have the legal title thereto conveyed to him.

The appellant makes the further contention that, if the reason given by the respondent for first having the property conveyed to his father and subsequently to the appellant be accepted as true, it shows that the conveyances were made with the intent to defraud his former wife, and that he cannot, for that reason, have the relief which was granted him by the decree and judgment of the trial court. It is the rule, it is true, that the courts will not aid in the furtherance of a fraudulent transaction or relieve a party from a situation in which he has placed himself by an attempt to perpetrate

a fraud upon another, and this although the person attempted
to be defrauded is not himself complaining.   But we agree
with the trial court that the respondent did not in this trans-
action attempt to defraud his former wife.   In the divorce
proceedings she made no claim to his property, and it is not
in evidence that he concealed or attempted to conceal his
property from her.   The device adopted to avoid future com-
plications concerning the title to this particular property
may not have been sufficient to accomplish the purpose in-
tended, yet it does not show, when taken with all the circum-
stances, any intent on the part of the respondent to defraud
the wife.

The judgment is affirmed.

MORRIS, C. J., MOUNT, CHADWICK, and ELLIS, JJ., concur.