In re Al L. LIPETZKY, Patricia M. Lipetzky, d/b/a Chalet Motel, Debtors.

Al L. LIPETZKY and Patricia M. Lipetzky, d/b/a Chalet Motel, Plaintiffs,

v.

The DEPARTMENT OF REVENUE OF the STATE OF MONTANA; Flathead County Commissioners and Flathead County Treasurer, Defendants.

Bankruptcy No. 285–00260.
Adv. No. 286/0033.

United States Bankruptcy Court, D. Montana.

Sept. 5, 1986.

Larry G. Schuster, Counsel, Dept. of Revenue, Helena, Mont., for Dept. of Revenue.

Dennis Hester, Deputy County Atty., Kalispell, Mont., for Flathead County commissioners and Flathead County treasurer.

Ralph B. Kirscher, Missoula, Mont., for debtors/plaintiffs.

## ORDER DENYING MOTION
## TO DISMISS

JOHN L. PETERSON, Bankruptcy Judge.

On May 28, 1986, the Debtor-in-possession in this Chapter 11 proceeding commenced an adversary action against the Montana Department of Revenue and Flathead County, Montana, seeking a determination of the claim due such taxing authorities for the years 1980 to 1985 inclusive. Flathead County filed its answer to the complaint and asserts an affirmative defense that this Court lacks jurisdiction to "set either the taxable values or the amount of delinquent taxes due for previous years". The Montana Department of Revenue (DOR) filed two motions to dismiss and motion for abstention with supporting memorandum based on two contentions, namely, this Court lacks jurisdiction over the subject matter of this adversary case and the court should abstain from exercising jurisdiction under 28 U.S.C. § 1334. Reply briefs by the Debtor have been filed in opposition to each motion.

The allegations of the complaint, which for the purposes of these motions are taken as true, state that the Debtors were assessed real property taxes for the years 1981, 1982, 1984 and 1985, based on erroneous assessments of the DOR. In accordance with Montana law, the Debtors, as taxpayers, appealed each assessment, after pursuing its remedy to the County Tax Appeal Board (Section 15–15–102 MCA), to the Montana State Tax Appeals Board as provided by Section 15–2–301, MCA. On February 7, 1986, the State Tax Appeal Board fixed the assessments on the Debtors' property at $131,500.00 for the years 1981, 1982, 1984 and 1985. No contest has ever been filed by the taxpayers to the 1983 assessment. Thereafter, on March 14, 1986, the DOR appealed such decision to the District Court of the Eleventh Judicial District of the State of Montana, Flathead County, where the matter is now pending and where further action is stayed under Section 362 of the Code by reason of the filing of the Bankruptcy Petition. The Debtors now seek a determination that their debt due Flathead County and the State of Montana for real property taxes in the years 1980 to 1985 is $25,292.63. The DOR claims the determination of the Debtors' tax liability rests exclusively with the State of Montana, and its applicable statutory remedies, which, it asserts, is so provided in 11 U.S.C. Section 505 of the Bankruptcy Code. Section 505 states:

"Section 505. Determination of tax liability

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) The Court may not so determine—
(A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title [11 USCS Subsection 101 et seq.]; or

(B) any right of the estate to a tax refund, before the earlier of—

(i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or

(ii) a determination by such governmental unit of such request.

(b) A trustee may request a determination of any unpaid liability of the estate for any tax incurred during the administration of the case by submitting a tax return for such tax and a request for such a determination to the governmental unit charged with responsibility for collection or determination of such tax. Unless such return is fraudulent, or contains a material misrepresentation, the trustee, the debtor, and any successor to the debtor are discharged from any liability for such tax—

(1) upon payment of the tax shown on such return if—

(A) such governmental unit does not notify the trustee, within 60 days after such request, that such return has been selected for examination; or

(B) such governmental unit does not complete such an examination and notify the trustee of any tax due, within 180 days after such request or within such additional time as the court, for cause, permits;

(2) upon payment of the tax determined by the court, after notice and a hearing, after completion by such governmental unit of such examination; or

(3) upon payment of the tax determined by such governmental unit to be due.

(c) Notwithstanding Section 362 of this title, after determination by the court of a tax under this section, the governmental unit charged with responsibility for collection of such tax may assess such tax against the estate, the debtor, or a successor to the debtor, as the case may be, subject to any otherwise applicable law."

The DOR argues Section 505 is discretionary, not mandatory and that the Court may not determine the legality of any tax which was contested before and adjudicated by an administrative tribunal such as the State Tax Appeal Board (STAB) and state district court. The DOR relies upon *In re Northwest Beverage, Inc.*, 46 B.R. 631, 12 BCD 9996 (Bankr.N.D.Ill.1985) and *In re Baren*, 47 B.R. 39, 12 BCD 1085 (Bankr.N.D.Ill.1984) on the jurisdictional issue. The Debtors cite as authority for their position that this Court may and should determine the amount of the tax claim, the decisions of *In re Educators Investment Corp.*, 59 B.R. 910 (Bankr.Nev. 1986); *Arkansas Corporation Commissioners v. Thompson*, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244 (1941); *In re Palm Beach Resort Properties, Inc.*, 51 B.R. 363 (Bankr.S.D.Fla.1985) and *In re Matter of Otis & Edwards P.C.*, 55 B.R. 185 (Bankr. E.D.Mich.1985).

As a preface to my decision, I note two matters agreed to by the parties. First, there has never been any review, administrative or judicial, under the laws of Montana to the 1983 assessment. Second, the administrative decision by STAB on the 1981, 1982, 1984 and 1985 assessments is on appeal by the DOR in state district court, wherein the decision of STAB is challenged. No final decision has been entered in that state court appeal, and thus there has been no finality to the assessments. Further, in this case, Flathead County on June 23, 1985 and June 25, 1985, filed Proofs of Claim, asserting that the real estate tax due for the years 1980 through 1985 was $49,344.61 in principal and $11,977.12 in penalty and interest, for a total debt of $61,321.73. The basis of the assessment on which the tax has been computed by the county is not shown, but clearly the whole purpose of this adversary proceeding by the Debtors is to seek a determination of the tax due and owing, since the parties are some $24,000.00 apart in the principal amount.

In reviewing Section 505 and the authorities cited by each party, as well as other decisions, there is no conflict among the decisions regarding the purpose and

meaning of Section 505. The determination of a debtor's tax liability is a core proceeding under Section 157 of the Code and this Court thus has jurisdiction to determine the amount and legality of the tax, except where such tax has been fixed by final order of an administrative or judicial tribunal, after being reasonably contested by the taxpayer. *In re Palm Beach Resort Properties*, supra. As stated in *In re Northwest Beverage, Inc.*, supra, at 46 B.R. 634–635:

> "Section 505 is derived from the Bankruptcy Act sections which allowed the Court to hear and determine questions concerning the amount or legality of unpaid taxes. (Citing authority).
>
> Several Act cases have construed the language used in the predecessor Section to Section 505 to mean that:
>
> '[W]here after a hearing, a quasi-judicial body—determines the amount of tax due, with the right on the part of the taxpayer to a judicial review of the determination, all confirmable with the requirements of due process, such determination, *upon becoming final by operation of law,* is conclusive upon a court of bankruptcy, for mathematical error in the computations of the amount of tax or legal error in its assessment.' (Citing cases).

> \*　\*　\*　\*　\*　\*

> Section 505 of the Bankruptcy Code and the predecessor section in the Act were enacted to '... protect[s] the estate from the negligence or indifference of a debtor who has defaulted in tax assessment proceedings...' 3 *Collier on Bankruptcy*, 505–23 (15th Ed.). In enacting Section 505 Congress was primarily concerned with protecting creditors from the dissipation of the estate's assets which could result if the creditors were barred by a tax judgment which the Debtor, due to his ailing financial condition, did not contest. (Citing cases)."

Clearly, this Court not only has the jurisdiction, but it has a duty, to determine the proper debt due Flathead County since none of the taxes levied by such taxing authority have been finally adjudicated under Montana law. See *Dept. of Revenue v. Country Side Village*, 667 P.2d 936, 943 (Mont.1983).

As noted above, Flathead County has filed its Proof of Claim as to the amount of tax due. The adversary complaint filed by the Debtors places that tax in issue. The holding of *In re Vic Snyder*, 50 B.R. 631, 633 (Bankr.E.D.Pa.1985), is applicable to this case.

> "Our jurisdiction over the instant core proceeding is derived from Section 1334 of Title 28 of the United States Code, as implemented by the referral order of July 25, 1984 of the United States District Court for the Eastern District of Pennsylvania, pursuant to Section 157 of Title 28. 28 U.S.C. Section 1334; 28 U.S.C. Section 157. The evidentiary effect to be afforded a proof of claim is specified in Bankruptcy Rule 3001(f) which states that '[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of that claim'. At a hearing on an objection to a proof of claim, the burden of going forward with the evidence is on the debtor. *In re Eastern Fire Protection, Inc.*, 44 B.R. 140, 142 (Bankr.E.D.Pa.1984)."

This bankruptcy proceeding is likewise before this court upon referral from the district court pursuant to Section 157. Core proceedings include allowance or disallowance of claims against the estate. 28 U.S.C. § 157(b)(2)(B). Rule 9014, Bankruptcy Rules, provides that filing of an objection to a Proof of Claim creates a dispute which is a contested case. Such case can be brought by complaint under Rule 7001 or by motion.

Thus, this court has jurisdiction to try and decide the proper amount of tax due Flathead County for the years 1980 to 1985, inclusive.

IT IS ORDERED the motion of the Montana Department of Revenue to dismiss the Plaintiffs' complaint, or in the alternative, sustain from exercising jurisdiction in this cause, is denied.

IT IS ORDERED the Department of Revenue shall file its answer to the Complaint within ten days of this Order.

IT IS FURTHER ORDERED that trial of this cause is set for Monday, September 22, 1986, Courtroom, Federal Building, Missoula, Montana, at 10:15 o'clock A.M.