**In re Roger E. MANTZ and Sandra J. Mantz,**

**Roger E. Mantz; Sandra J. Mantz, Appellants,**

v.

**California State Board of Equalization, Appellee.**

No. 02–16113.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2003.

Filed Sept. 16, 2003.

John S. Bartlett, Carson City, NV, for the appellants.

Peter L. Duncan, Barbara R. Gross, Pyle, Sims, Duncan & Stevenson, San Diego, California; J. Michael Oakes, Las Vegas, NV, for the appellee.

Before: D.W. NELSON, W. FLETCHER, Circuit Judges, and ALSUP,* District Judge.

WILLIAM A. FLETCHER, Circuit Judge:

Roger and Sandra Mantz filed for Chapter 11 bankruptcy on May 23, 2000. The California State Board of Equalization ("SBE") filed a proof of claim for over $1 million in taxes, interest, and penalties. The Mantzs objected to the SBE's proof of claim. The bankruptcy court found that it lacked subject matter jurisdiction under 11 U.S.C. § 505(a)(2)(A) to consider the Mantzs' objection because the amount of state tax liability had already been adjudicated. Alternatively, it found that res judicata barred relitigation of the state tax

---

* The Honorable William Alsup, United States District Judge for the Northern District of California, sitting by designation.

liability. The district court affirmed the bankruptcy court's jurisdictional holding.

We hold that because there was no final administrative determination of the Mantzs' tax liability prior to the commencement of the bankruptcy proceedings, the bankruptcy court had jurisdiction. We further hold that res judicata does not prevent the bankruptcy court from redetermining the Mantzs' tax liability. We reverse and remand for further proceedings.

## I. Background

The Mantzs owned two vacuum cleaner businesses in California—a used vacuum cleaner store in Livermore and a door-to-door sales business. On November 15, 1996, after conducting a sales tax audit on the businesses, the SBE issued a deficiency determination asserting that the Mantzs owed sales tax, interest, and penalties totaling over $1 million. The Mantzs filed a petition for redetermination, and an administrative hearing was held on October 27, 1997. The hearing officer issued a decision and recommendation against the Mantzs on March 24, 1998. The Mantzs appealed to the SBE, which held a hearing on October 6, 1999. SBE staff members prepared a Recommendation for Final Action to the Board, and the SBE orally approved the Final Action on March 16, 2000, assessing sales tax, interest, and penalties.

On May 1 and May 3, 2000, the SBE served the Mantzs with two notices of redetermination regarding the Final Action (one for each business). Under California law, an order of the SBE upon a petition for redetermination becomes final thirty days after service of notice. Cal. Rev. & Tax.Code § 6564. On May 8, 2000, Sandra Mantz e-mailed Governor Gray Davis protesting the result. The Governor's office forwarded the e-mail to the SBE, which treated it as a timely motion

for rehearing. The SBE denied the motion on September 14, 2000.

Meanwhile, on May 23, 2000, before the SBE had denied the motion for rehearing and before the decisions had become final under California law, the Mantzs filed for Chapter 11 bankruptcy. On October 30, 2000, the SBE filed a proof of claim in bankruptcy court for taxes and interest totaling $1,064,190.50. The Mantzs filed an objection to the proof of claim, challenging the merits of the claim and the priority of the taxes and interest.

The bankruptcy court held that 11 U.S.C. § 505(a)(2)(A) deprived it of subject matter jurisdiction to consider the Mantzs' objection. Section 505(a)(2)(A) provides that the bankruptcy court may not determine "the amount or legality of a tax, fine, [or] penalty ... if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the [bankruptcy] case." The bankruptcy court found that the amount of tax liability had been contested before and adjudicated by an administrative tribunal of competent jurisdiction prior to the commencement of the bankruptcy case. Alternatively, the court found that even if it had subject matter jurisdiction under § 505, once the Mantzs' petition for rehearing was denied, the doctrine of res judicata barred the Mantzs from objecting to the SBE's assertion of tax liability.

The district court affirmed the bankruptcy court's determination that it lacked subject matter jurisdiction under § 505(a)(2)(A). The district court noted that the SBE's redetermination did not become final until after the petition for rehearing was denied, but it declined to read into § 505(a)(2)(A) a requirement that the tax liability determination be a final adjudication. The court concluded that because the Mantzs had actively contested

the tax liability before the SBE and because the adjudication was rendered before the bankruptcy filing (though no final order had been entered), § 505(a)(2)(A) applied.

■■■ We review the district court's decision on appeal from a bankruptcy court de novo. In other words, "we independently review the bankruptcy court's decision and do not give deference to the district court's determinations." *Batlan v. Transamerica Commercial Fin. Corp. (In re Smith's Home Furnishings, Inc.)*, 265 F.3d 959, 963 (9th Cir.2001) (internal quotation marks omitted). We "review the bankruptcy court's findings of fact for clear error and conclusion of law de novo." *Id.* Jurisdictional issues in bankruptcy are reviewed de novo. *McGhan v. Rutz (In re McGhan)*, 288 F.3d 1172, 1178 (9th Cir. 2002).

## II. Discussion

### A. Jurisdiction of the Bankruptcy Court

■■■ The Bankruptcy Code vests a bankruptcy court with subject matter jurisdiction to determine the amount and validity of a tax assessment against a debtor unless the debtor's tax liability has been contested before and adjudicated by another tribunal prior to bankruptcy. Section 505 of the Bankruptcy Code provides:

(a)(1) [The bankruptcy court] *may determine* the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to a tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) The court *may not so determine*—

(A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction

before the commencement of the case under this title. . . .

11 U.S.C. § 505 (emphasis added). Section 505(a)(1) authorizes a bankruptcy court to determine a debtor's tax liability. But if the debtor's tax liability was contested and adjudicated by a tribunal of competent jurisdiction *before the commencement* of bankruptcy proceedings, § 505(a)(2)(A) strips the bankruptcy court of the subject matter jurisdiction it otherwise would have had under § 505(a)(1). *See Baker v. IRS (In re Baker)*, 74 F.3d 906, 910 (9th Cir. 1996) ("Section 505(a)(2)(A) is a jurisdictional statute that deprives bankruptcy courts of authority to decide a category of claims.").

■■■ Section 505(a)(2)(A) requires that the debtor have contested the tax liability in question. This requirement protects a debtor from being bound by a pre-bankruptcy tax liability determination that, because of a lack of financial resources, he or she was unable to contest. As the Tenth Circuit has explained, § 505 protects "creditors from the dissipation of the estate's assets which could result if the creditors were bound by a tax judgment which the debtor, due to his ailing financial condition, did not contest." *City Vending of Muskogee, Inc. v. Okla. Tax Comm'n*, 898 F.2d 122, 125 (10th Cir.1990) (internal quotation marks omitted); *see also New Haven Projects LLC v. City of New Haven (In re New Haven Projects LLC)*, 225 F.3d 283, 288 (2d Cir.2000) ("Creditors are entitled to protection from the dissipation of an estate's assets in the event that the debtor failed to contest the legality and amount of taxes assessed against it." (internal quotation marks omitted)). In this case, however, there is no dispute that the Mantzs contested their tax liability before the SBE.

■■■ Section 505(a)(2)(A) also requires that the debtor's tax liability be

adjudicated by a judicial or administrative tribunal "before the commencement" of bankruptcy. Adjudicated means that "a 'judgment of a court of competent jurisdiction' has been decreed." *In re Baker*, 74 F.3d at 909 (quoting *IRS v. Teal (In re Teal)*, 16 F.3d 619, 621 (5th Cir.1994)). If the tax liability has not been adjudicated before the commencement of the bankruptcy proceeding, then under § 505(a)(1) the bankruptcy court may consider the tax issue itself or allow another tribunal to do so. The bankruptcy court and the district court found that despite the lack of finality of the state administrative adjudication against the Mantzs at the time of the bankruptcy filing, § 505(a)(2)(A) deprived the bankruptcy court of subject matter jurisdiction because that section does not require a *final* adjudication. We disagree.

Most courts have required a final adjudication prior to bankruptcy before finding that § 505(a)(2)(A) deprives the bankruptcy court of jurisdiction. The Fifth Circuit in *Texas Comptroller of Public Accounts v. Trans State Outdoor Advertising Co. (In re Trans State Outdoor Advertising Co.)*, 140 F.3d 618 (5th Cir.1998), held that although a state administrative decision determining a debtor's tax liability could be reviewed by the bankruptcy court if the debtor had filed for bankruptcy before the decision became final, the jurisdictional bar of § 505(a)(2)(A) had been triggered because the administrative decision had not been appealed and had become final under state law prior to the bankruptcy filing. *Id.* at 621–22. Similarly, the Tenth Circuit in *City Vending of Muskogee, Inc. v. Oklahoma Tax Commission*, 898 F.2d 122 (10th Cir.1990), held that "a federal court … will have jurisdiction under § 505 to consider state tax issues … where the debtor has challenged the assessment through state proceedings which are *still pending* at the time the bankruptcy petition is filed." *Id.* at 125 (emphasis added). But the Tenth Circuit went on to

hold in that case that the bankruptcy court lacked jurisdiction under § 505 to consider the debtor's state tax liability because the Oklahoma Tax Commission had adjudicated the tax liability, the debtor had not appealed that decision, and the Commission's decision had become final under state law prior to the commencement of the bankruptcy proceeding.

Several bankruptcy courts have reached the same result. *See, e.g., Allison v. United States (In re Allison)*, 232 B.R. 195, 201 (Bankr.D.Mont.1998) ("[T]his Court … has jurisdiction to determine the *amount and legality of the tax*, except where such tax has been *fixed by final order of an administrative or judicial tribunal*, after being reasonably contested by the taxpayer." (internal quotation marks omitted) (second emphasis added)); *In re B & B Marine Sales & Serv.*, 149 B.R. 465, 466 (Bankr.N.D.Ohio 1992) ("Section 505(a)(1) of title 11 authorizes this court to determine the amount of the Debtors' tax liability unless that liability was *finally determined* via both a contest before and an adjudication by a judicial or administration tribunal prior to commencement of the Debtors' bankruptcy case." (internal quotation marks omitted and emphasis added)); *In re Elec. Theatre Rests., Inc.*, 85 B.R. 45, 47 (Bankr.N.D.Ohio 1988) ("[T]he Debtor filed a prepetition protest before a Texas tribunal but *did not exhaust that process* prior to seeking relief under Chapter 11. Thusly, there exists no impediment to this Court's determination of the subject tax liability per § 505(a)(2)(A)." (emphasis added) (citation omitted)).

The district court, in finding that § 505(a)(2)(A) deprived the bankruptcy court of jurisdiction to redetermine the Mantzs' tax liability, relied on *In re The Railroad Street Partnership*, 255 B.R. 644 (Bankr.N.D.N.Y.2000), in which the bankruptcy court stated that "[t]here is no lan-

guage in the statute to indicate that the adjudication must be 'final.'" *Id.* at 647. The question in *Railroad Street* was whether the pendency of a state court proceeding reviewing a tax liability determination by the Syracuse Assessment Board prevented the operation of § 505(a)(2)(A) and allowed the bankruptcy court to redetermine the tax liability. The bankruptcy court decided that, because the debtor had a "full and fair opportunity to present its case to the Assessment Board, and that an adjudication was made by a tribunal of competent jurisdiction [the Board]," this adjudication was sufficient to trigger the jurisdictional bar of § 505(a)(2)(A) despite the pendency of the judicial appeal. *Id.* at 647.

Two other bankruptcy courts confronted with the same situation as in *Railroad Street* have reached precisely the opposite conclusion. In *Lipetzky v. Department of Revenue (In re Lipetzky)*, 64 B.R. 431 (Bankr.D.Mont.1986), prior to bankruptcy a debtor contested real property tax assessments in front of the Montana State Tax Appeal Board and received a determination. Still prior to bankruptcy, the Montana Department of Revenue appealed the Board's determination to state court. While the state court appeal was pending, the debtor filed for bankruptcy. The bankruptcy court found that the pendency of the appeal meant that there had been "no finality to the assessments." *Id.* at 433. The court then concluded that "since none of the taxes levied by [the county] taxing authority have been finally adjudicated under Montana law," the court had jurisdiction under § 505 to decide the

proper amount of tax owed. *Id.* at 434. In *In re R–P Packaging, Inc.*, 278 B.R. 281 (Bankr.M.D.Ga.2002), the Georgia bankruptcy court followed *Lipetzky* and held that it had jurisdiction to consider a debtor's tax liability when an appeal from a state administrative decision was pending in state court at the time of the bankruptcy filing. *Id.* at 287.

We hold that the jurisdictional bar of § 505(a)(2)(A) does not operate in this case. Under California law, a decision of the SBE upon a petition for redetermination becomes final thirty days after service of notice of the decision upon the petitioner. Cal. Rev. & Tax.Code § 6564. The Mantzs received their notices of the SBE's decisions on May 1 and May 3, 2000. Sandra Mantz e-mailed Governor Davis on May 8, and her e-mail was treated as a motion for rehearing. On May 23, before the thirty-day period had expired and before the Board ruled on the motion for rehearing, the Mantzs filed the bankruptcy petition. On May 23, the Mantzs' tax dispute was still pending in the SBE. Even *Railroad Street* does not go so far as to say that a bankruptcy court has no jurisdiction when proceedings before the state administrative agency have not been completed prior to the bankruptcy filing.[1] We therefore hold that § 505(a)(2)(A) does not deprive the bankruptcy court of subject matter jurisdiction to determine the Mantzs' state tax liability.

## B. Res Judicata

Section 505(a)(2)(A) "expresses in jurisdictional terms, traditional prin-

---

**1.** This is not a case where, at the time of the bankruptcy filing, the debtor had completed all proceedings before the administrative tribunal, but either had an appeal pending in state court or still retained a right to take such an appeal. We express no opinion about whether § 505(a)(2)(A) bars jurisdiction in such a case. We note that our decision in

*Delpit v. Commissioner*, 18 F.3d 768 (9th Cir. 1994), suggests, without significant explanation, that under § 505 a United States Tax Court judgment reached prior to bankruptcy is binding on the bankruptcy court when the appeal from Tax Court is stayed under the Bankruptcy Code. *Id.* at 773.

ciples of res judicata, or claim preclusion." *IRS v. Teal (In re Teal)*, 16 F.3d 619, 621 n. 3 (5th Cir.1994) (internal quotation marks omitted). The preclusive effect *in* federal court of the SBE's tax determination against the Mantzs would ordinarily be governed by the Full Faith and Credit Act, 28 U.S.C. § 1738, which "requires federal courts give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). But the plain language of 11 U.S.C. § 505 carves out an exception to 28 U.S.C. § 1738. *See Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 369, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996) (holding that a federal court must give a state court judgment the same effect that it would have in courts of the state in which it was rendered, "[a]bsent a partial repeal of the Full Faith and Credit Act, 28 U.S.C. § 1738, by another federal statute"). Section 505 of the Bankruptcy Code gives the bankruptcy court the authority to redetermine a debtor's tax liability "whether or not" previously adjudicated by a tribunal of competent jurisdiction. We therefore conclude that where § 505(a)(1) specifically authorizes the bankruptcy court to determine a debtor's tax liability, the bankruptcy court need not inquire whether an adjudication by a state administrative or judicial tribunal would otherwise bind the court under 28 U.S.C. § 1738.

Three bankruptcy courts have correctly concluded that 28 U.S.C. § 1738 does not prevent the court from determining a debtor's tax liability when 11 U.S.C. § 505 authorizes such a determination. In *In re TMI Growth Properties—82*, 109 B.R. 403 (Bankr.N.D.Cal.1990), the debtor, after filing a bankruptcy petition, sought a reassessment of the valuation of certain property for county property tax purposes.

The County Assessment Appeals Board reassessed the property, and the debtor sought to have the bankruptcy court redetermine the county's assessment. The court found that § 505 had modified the otherwise applicable full faith and credit obligations of the court under § 1738, and accordingly, concluded that it had the authority to redetermine the debtor's tax liability. *Id.* at 405. Similarly, in *In re Buchert*, 69 B.R. 816, 818–19 (Bankr. N.D.Ill.1987), the bankruptcy court found that § 505 authorized it to redetermine the debtor's tax liability because the state court judgment determining that liability had not been contested by the debtor. The court concluded that where § 505 of the Bankruptcy Code conflicted with 28 U.S.C. § 1738, the later enacted § 505 governed. *Id.* at 819 (citing *Silver v. N.Y. Stock Exch.*, 373 U.S. 341, 357, 83 S.Ct. 1246, 10 L.Ed.2d 389 (1963)). Finally, in *In re Swann Gasoline Co.*, 46 B.R. 640 (Bankr.E.D.Pa.1985), the bankruptcy court declined to lift a stay in order to allow the state court to decide the debtors' tax liability. The court noted: "[A]ny tax liability determinations made by the [state] Circuit Court would not necessarily have res judicata or collateral estoppel effect as to our likely eventual determinations under 11 U.S.C. § 505." *Id.* at 642.

■ We recognize that the legislative history to § 505 gives some indication that Congress anticipated that a decision of at least the United States Tax Court reached after the commencement of a bankruptcy proceeding would be binding on the bankruptcy court. "If [the bankruptcy court lifts a stay on the Tax Court proceedings, and] the Tax Court reaches its decision before the bankruptcy court's decision on the tax claim against the estate, the decision of the Tax Court would bind the bankruptcy court under principles of res judicata because the decision of the Tax Court

affected the personal liability of the debtor." 124 Cong. Rec. 32,414 (1978). Where the text of a statute is clear, however, we need not consult legislative history. *Ratzlaf v. United States,* 510 U.S. 135, 147–148, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) ("[W]e do not resort to legislative history to cloud a statutory text that is clear."). The text of § 505(a)(1) plainly authorizes the bankruptcy court to determine a debtor's tax liability "whether or not" previously adjudicated.

 We therefore hold that the bankruptcy court is not required by § 1738 to give preclusive effect to the state tax liability determination in this case. The bankruptcy court maintains the power under § 505(a)(1) to redetermine the Mantzs' tax liability, but the exercise of such power is discretionary. "Any number of courts have observed that § 505(a)(1) is a permissive empowerment—as established by the operative verb 'may.' It is not a mandatory directive. The assumption of the power is discretionary with the Bankruptcy Court." *Northbrook Partners LLP v. County of Hennepin (In re Northbrook Partners LLP),* 245 B.R. 104, 117 (Bankr.D.Minn.2000) (citation omitted). If no purpose would be served by allowing the debtor to relitigate his tax liability, the bankruptcy court is under no obligation to allow him or her to do so. In this case, the bankruptcy court may, in the exercise of its discretion, decline to redetermine the Mantzs' tax liability—indeed, it may do so based on some or all of the reasons underlying the res judicata doctrine—but it is not barred by res judicata from considering the Mantzs' tax liability.

### III. Conclusion

For the foregoing reasons, we reverse and remand for further proceedings. We note that neither the bankruptcy court, the district court, nor the parties have addressed the possible impact of the automatic stay under 11 U.S.C. § 362. We decline to consider whether the proceedings before the SBE were subject to the automatic stay and if so what effect, if any, the stay should have. We leave this question, among others, to the bankruptcy court to consider on remand.

**REVERSED and REMANDED.**