**In re: Beulah Jeanne SNOW, Debtor,**

**Robert D. Steinberg, in his capacity as trustee for the bankruptcy estate of Beulah Jeanne Snow, Appellant,**

v.

**Fairbanks Capital Corp., Appellee.**

No. 05–35125.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 25, 2006.

Filed Aug. 25, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Kevin Arnold Bay, Esq., Timothy William Dore, Esq., Ryan Swanson & Cleveland, Seattle, WA, for Appellant.

Scott A. Smith, Esq., Riddell Williams, PS, Seattle, WA, for Appellee.

Before: WALLACE, WARDLAW and FISHER, Circuit Judges.

## MEMORANDUM *

Appellant Robert D. Steinberg, in his capacity as trustee for the bankruptcy estate of Beulah Snow, appeals the district court's summary judgment in favor of Respondent Fairbanks Capital Corporation reversing the bankruptcy court's summary judgment in favor of the trustee. The district court found that as of January 25, 2000, Beulah Snow's son, Chris, held title to the property commonly known as 3715 55th Avenue, SW, Seattle, Washington 98116, thereby entitling Fairbanks Capital to the proceeds of the bankruptcy estate's 2003 sale of the property. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo the district and bankruptcy courts' decisions, *In re Mantz*, 343 F.3d 1207, 1211 (9th Cir.2003), we reverse and remand to the district court with instructions to remand to the bankruptcy court to reinstate its judgment for the trustee.[1]

We agree with both the district and the bankruptcy courts that the language of the quitclaim deeds is unambiguous, so there is no need to look to extrinsic evidence to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the undisputed facts of this case, we recite them only as necessary to our decision.

determine who held title to the property as of January 25, 2000, when the last quitclaim deed was executed. [ER55, 61] This case ultimately turns upon the validity and enforceability of the sixth quitclaim deed, which the Snow Family Trust ("Trust") executed on January 7, 1999. Although this sixth deed purported to convey all present and future interest in the property to Chris, the Trust had executed an identical deed two days earlier, on January 5, 1999, thereby conveying to Chris all of its present and future interest in the property. Because the Trust had nothing left to convey on January 7, we hold that the district court erred in ruling that the sixth deed was valid and enforceable.

## I.

■ It is well-established under Washington law that a "grantor can convey no greater title or interest than he or she has in the property." *See Sofie v. Kane*, 32 Wash.App. 889, 650 P.2d 1124, 1128 (1982); *see also Miller v. Miller*, 32 Wash.2d 438, 202 P.2d 277, 280 (1949) (stating that "a valid deed, if once delivered, cannot be defeated by any subsequent act [by the grantor] unless it be by virtue of some condition contained in the deed itself") (internal quotation marks and citation omitted); *Anderson v. Hall*, 91 Wash. 376, 157 P. 996, 998 (1916) (explaining that a second deed attempting to convey the same interest in a property conveyed in a previous deed "conveyed no interest in the property at all, as the grantors had no interest to convey"). Washington law also permits a

grantor to convey its future interest in a property through a deed containing an "after acquired" title clause. *See* Wash. Rev. Code § 64.04.070; *Erickson v. Wahlheim*, 52 Wash.2d 15, 319 P.2d 1102, 1103 (1958) (en banc). These after acquired title clauses allow a grantor to convey a future title even though the grantor does not hold title when it executes the deed.

The plain language of the January 5, 1999 deed shows that the Trust conveyed its entire interest in the property to Chris when it executed the fifth deed on that date, including any current interest *and any interest acquired thereafter*. As of that date, and until an intervening conveyance transferred a current or future interest *back* to the Trust, it had no further interest to convey under Washington law. Because the Trust did not obtain any other interest in the property during the time between January 5 and January 7, 1999, the sixth quitclaim deed—identical to the fifth—was a nullity.[2] *See Sofie*, 650 P.2d at 1128; *Miller*, 202 P.2d at 280; *Anderson*, 157 P. at 998. The language of Washington Revised Code § 64.04.070 further supports our holding, as it permits only single after-acquired title clauses and does not authorize a grantor to convey a second future interest in a property—what the sixth quitclaim deed attempted to accomplish.

## II.

■ Because the sixth transfer was null and unenforceable, the title-tracing analy-

---

**2.** Fairbanks Capital asserts that if we ignore transfer number 6, we must also ignore other deeds in the chain of title with conveyances of an identical property interest between the same parties. [Red 19] But there is a critical distinction between these conveyances: the fifth and sixth transfers were *consecutive,* whereas there were intervening conveyances between the identical deeds in the fourth and seventh transfers that created a new conveyable interest. Thus, when Chris conveyed his

entire interest in the property to the Trust on October 31, 1997 (the fourth deed), he could not convey the same future interest again without first acquiring another future interest in the property from another grantor. This occurred with transfer number five, by which the Trust conveyed a future interest *back* to Chris on January 5, 1997. This transfer created a new future interest in the property different from the interest he conveyed in the fourth deed.

sis results in title resting with Beulah as of January 25, 2000. This renders Fairbanks Capital's deed of trust, executed by Chris in February 2001, void and unenforceable, as the bankruptcy court properly concluded. [ER 48] Because Beulah owned the property as of January 25, 2000, the deed of trust does not constitute an encumbrance upon the property, and the proceeds of the sale are unencumbered funds belonging to her bankruptcy estate. We therefore reverse the district court's order with instructions to remand to the bankruptcy court for reinstatement of its grant of summary judgment in favor of the trustee.[3]

**REVERSED and REMANDED with instructions.**

---

3. Because we hold that the district court erred in granting summary judgment to Fairbanks Capital, we need not reach any further issues.

