COUNTY OF PIERCE, doing business as Puget Sound Behavioral Health, doing business as Pierce County Regional Support Network, Plaintiff—Appellant,

v.

Michael O. LEAVITT,* Secretary, United States Department of Health and Human Services, Defendant—Appellee.

No. 05–36176.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2007.**

Filed Aug. 1, 2007.

---

\* Michael O. Leavitt is substituted for his predecessor, Tommy G. Thompson, as Secretary of Health and Human Services. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen I. Pentz, Esq., Bennett Bigelow & Leedom, P.S., Seattle, WA, for Plaintiff–Appellant.

Peter Angus Winn, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: HAWKINS and WARDLAW, Circuit Judges, and POLLAK,\*\*\* Senior District Judge.

MEMORANDUM \*\*\*\*

Puget Sound Behavioral Health ("PSBH") appeals the district court's deci-sion affirming the Secretary of Health and Human Services's ("Secretary") decision to grant PSBH an effective Medicare certification date ("ECD") of April 4, 2002. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

As a threshold matter, PSBH argues that we should review the Secretary's decision under the Administrative Procedure Act's ("APA") arbitrary and capricious standard, as opposed to § 405(g)'s substantial evidence standard. However, 42 U.S.C. § 405(h), which is incorporated into the entirety of the Medicare statute by 42 U.S.C. § 1395ii, provides that § 405(g) is the exclusive means of judicial review of the Secretary's decisions in Medicare cases. Therefore, unless the requirements of § 405(g) would lead to complete preclusion of review, a party bringing suit under the Medicare statute may only do so pursuant to § 405(g). *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 22–23, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000). Because PSBH's claims against the Secretary have not been completely precluded from review, § 405(g), rather than the APA, provides the standard of review in this case.[1]

On the merits, PSBH contends that the Secretary should have determined its ECD under 42 C.F.R. § 489.13(d)(1)(i) instead of 42 C.F.R. § 489.13(c)(2) because it was previously accredited by the Joint Commission on Accreditation of Healthcare Organizations ("JCAHO") as an acute care facility.[2] However, because PSBH

---

\*\*\* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. PSBH attempts to avoid this conclusion by suggesting that we have jurisdiction to hear its APA claim under 28 U.S.C. § 1331. How-ever, 42 U.S.C. § 405(h) specifically prohibits Medicare actions against the Secretary from being brought under 28 U.S.C. § 1331. Because § 405(h) is incorporated into the Medicare statute by 42 U.S.C. § 1395ii, we lack jurisdiction to hear PSBH's APA claim.

2. As applicable here, section 489.13(d) provides:

sought certification as a psychiatric hospital, its JCAHO certification was insufficient, *see* 42 C.F.R. § 488.5(a)(2), and did not trigger the application of section 489.13(d)(1). Accordingly, the Secretary's application of 42 C.F.R. § 489.13(c)(2) was not legal error and substantial evidence supports the Secretary's decision to give PSBH an ECD of April 4, 2002—the date on which it submitted a plan of correction for its lower-level deficiencies. *See* 42 C.F.R. § 489.13(c)(2)(ii).

■ Even if PSBH's prior accreditation by JCAHO were sufficient to trigger section 489.13(d)(1), the Secretary's ECD is supported by substantial evidence. Under section 489.13(d)(1)(i), PSBH is still required to meet *"all* requirements" for certification before it can be granted an ECD. 42 C.F.R. § 489.13(d)(1)(i) (emphasis added). It is uncontested that although PSBH had satisfied the two additional requirements for certification as a psychiatric hospital when the Center for Medicare and Medicaid Services ("CMS") completed its survey, eleven lower-level deficiencies remained. As such, PSBH had not satisfied "all requirements" for certification. This conclusion is consistent with the Secretary's prior determinations. *See Golden State Manor & Rehab. Ctr.,* D.A.B. No. 1597 (1996) (affirming that the Secretary "may deny certification pursuant to 42 C.F.R. § 489.13, even if a single deficiency is found, until a plan of correction addressing all cited deficiencies is submitted").

As noted above, PSBH did not meet "all requirements" until it submitted an acceptable plan of correction to CMS on April 4, 2002, and this is therefore the earliest ECD that the Secretary could grant PSBH under 42 C.F.R § 489.13. As such, the Secretary's decision to grant PSBH an ECD of April 4, 2002 is supported by substantial evidence and free from legal error.

Because PSBH did not satisfy 42 C.F.R. § 489.13(d)(1)(i) it does not qualify for a retroactive ECD under 42 C.F.R. § 489.13(d)(2). Even if it had, the Secretary has discretion under section 489.13(d)(2) in determining whether to grant retroactive certification. *See, e.g., In re Mantz,* 343 F.3d 1207, 1215 (9th Cir.2003) (concluding that a statute including "the operative verb 'may'" is a "permissive empowerment [and] ... not a mandatory directive"). As such, even had PSBH *qualified* for retroactive certification, it was not *entitled* to it because PSBH cannot establish that the Secretary abused his discretion in declining to grant a retroactive ECD.

**AFFIRMED.**

---

(1) General rule. If the provider or supplier is *currently accredited by a national accrediting organization whose program had CMS approval at the time of the accreditation survey and accreditation decision, and on the basis of accreditation,* CMS has deemed the provider or supplier to meet Federal requirements, the effective date depends on whether the provider or supplier is subject to requirements in addition to those included in the accrediting organization's approved program.
(i) Provider or supplier subject to additional requirements. If the provider or supplier is subject to additional requirements, the effective date of the agreement or approval is the date on which the provider or supplier meets all requirements, including the additional requirements.
42 C.F.R. § 489.13(d) (emphasis added).