MEMORANDUM **
Patricia Hewlett appeals pro se from the district court’s order dismissing as untimely an appeal from the bankruptcy court’s order requiring her to turn over real property. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo jurisdictional issues and the district court’s decision on appeal from a bankruptcy court, Mantz v. Cal. State Bd. of Equalization (In re Mantz), 343 F.3d 1207, 1211 (9th Cir.2003), and we affirm.
Contrary to Hewlett’s contention, the bankruptcy court’s order concerning the turnover of property by another party did not restart the time for Hewlett’s appeal because it did not affect her legal rights or obligations as established under the order requiring her own turnover of property. See F.T.C. v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 212, 73 S.Ct. 245, 97 L.Ed. 245 (1952) (holding that a second order restarts the appeal period only when the court “disturb[s] or revisefs] legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality”).
Further, this appeal is not collateral, as Hewlett contends, but rather a direct appeal of the bankruptcy order.
Because Hewlett’s notice of appeal to the district court was filed more than ten days after the bankruptcy court’s order *691 requiring the turnover of property by Hewlett, the district court properly dismissed the appeal as untimely. See Fed. R. Bankr.P. 8002(a); Anderson v. Mouradick (In re Mouradick), 13 F.3d 326, 327 (9th Cir.1994) (“The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court’s order.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.