

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  MAURA SANTANA; TEODORO SANTANA,<br><br>Debtors.<br>_____<br><br>ESPERANZA VENTUS BADA; LAW OFFICES OF ESPERANZA V. BADA,<br><br>Appellants,<br><br>v.<br><br>NANCY K. CURRY, Chapter 13 Trustee; et al.,<br><br>Appellees. | No. 13-60006<br><br>BAP No. 12-1186<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hammond, Hollowell, and Markell, Bankruptcy Judges, Presiding

Submitted October 25, 2016<sup>**</sup>

Before:    LEAVY, SILVERMAN, and GRABER, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Esperanza Ventus Bada, an attorney, appeals pro se from the Bankruptcy Appellate Panel's ("BAP") judgment dismissing her appeal as untimely. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo. *Mantz v. Cal. State Bd. of Equalization (In re Mantz)*, 343 F.3d 1207, 1211 (9th Cir. 2003). We affirm.

The BAP properly dismissed Bada's appeal on the basis that it lacked jurisdiction because Bada did not appeal from the bankruptcy court's final order within the 14 days prescribed by Fed. R. Bankr. P. 8002(a)(1). *See Slimick v. Silva (In re Slimick)*, 928 F.2d 304, 307 (9th Cir. 1990) (the filing of an order or judgment after the entry of a final disposition resolving the issue at bar does not constitute a second final disposition or extend the appeal period).

**AFFIRMED.**