In re: G. Gregory WILLIAMS, Debtor,

G. Gregory Williams, Appellant,

v.

Gordon, Gaumer, Bovshow, Levi Estates, LLC; Beverly Hills Investors; Roman & Franklin Tower Hoa, Inc.; R.E.F.S., Inc.; Casselberry & Crowe; Howard J. Goodman; Watkins & Arron Gold Realtors; Los Angeles County Sheriff's Department; Roland Watkins; Alex Roman; Eli Levi; Elizabeth Berber, Appellees.

No. 06–55435.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.[*]

Filed June 29, 2007.

G. Gregory Williams, Los Angeles, CA, pro se.

Peter D. Gordon, Esq., Peter D. Gordon Law Offices, Jeanne H. McDonald, Esq., Gary Kessler, Adams Aucoin & Kessler, LLP, Henry Patrick Nelson, Esq., Nelson & Fulton, Christie Gaumer, Esq., Los Angeles, CA, Steven Casselberry, Esq., William K. Crowe, Esq., Law Office of Steven Casselberry, Newport Beach, CA, Joseph R. Serpico, Kulik Gottesman Mouton & Siegel, LLP, Sherman Oaks, CA, for Appellees.

Howard J. Goodman, Esq., Los Angeles, CA, pro se.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM [**]

G. Gregory Williams (Williams) appeals pro se from a decision of the Bankruptcy Appellate Panel (BAP) affirming a bankruptcy judge's order remanding this action to state court and affirming the bankruptcy judge's order denying Williams' motion to recuse the bankruptcy judge.

We lack jurisdiction to review the remand order and accordingly dismiss this portion of the appeal. *See* 28 U.S.C. § 1447(d). Williams argues that this case is a "core bankruptcy proceeding" and therefore the bankruptcy court should have exclusive jurisdiction. This argument is unavailing because we have no jurisdiction to review the remand order. *See Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 128–29, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) ("Nor is there any reason to infer from § 1447(d) that Congress intended to exclude bankruptcy cases from its coverage.").

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BAP did not err in affirming the bankruptcy court's order denying Williams' motion to recuse Bankruptcy Judge Bufford. Bankruptcy court judges are subject to recusal only under 28 U.S.C. § 455. *In re Smith,* 317 F.3d 918, 932 (9th Cir.2002). The record does not contain any suggestion that Judge Bufford's impartiality might reasonably be questioned.

We have considered and reject Williams' additional arguments.

DISMISSED IN PART; AFFIRMED IN PART.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

