**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In the Matter of: G. GREGORY WILLIAMS, <br><br> Debtor, <br><br> ───────────── <br><br> G. GREGORY WILLIAMS, <br><br> Appellant, <br><br> v. <br><br> FRANKLIN TOWERS HOMEOWNERS ASSOCIATION INC.; et al., <br><br> Appellees. | No. 08-55109 <br><br> D.C. No. CV-07-06720-ABC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

G. Gregory Williams, a Chapter 13 debtor, appeals pro se from the district court's order dismissing for lack of subject matter jurisdiction his appeal from the bankruptcy court's November 29, 2004, and November 30, 2004, orders. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo jurisdictional issues and the district court's decision on appeal from a bankruptcy court. *Mantz v. Cal. State Bd. of Equalization (In re Mantz)*, 343 F.3d 1207, 1211 (9th Cir. 2003). We may affirm on any ground supported by the record. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059. We affirm.

Williams' challenge to the bankruptcy court's recusal order is barred by the law of the case doctrine. *See Williams v. Gordon, Gaumer, Bovshow, Levi Estates, LLC (In re Williams)*, Case No. 06-55435, 234 F. App'x 741, 741-42 (9th Cir. 2007) (affirming the bankruptcy court's order denying recusal); *Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (under the law of the case doctrine, one panel of an appellate court will not reconsider questions that another panel has decided on a prior appeal in the same case).

As we held previously, *In re Williams*, 234 F. App'x at 741-42, we lack jurisdiction to review the bankruptcy court's remand order, *see Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128-29 (1995) (court of appeals does

08-55109

not have jurisdiction to review a bankruptcy court's order remanding a case to state court).

The district court properly concluded that it lacked subject matter jurisdiction to review orders issued in state court proceedings. *See Reusser v. Wachovia Bank, N.A*, 525 F.3d 855, 858-59 (9th Cir. 2008) ("The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments."); *Dubinka v. Judges of Sup. Ct.*, 23 F.3d 218, 221 (9th Cir. 1994) ("Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions.").

We reject Williams' remaining contentions.

**AFFIRMED.**